# Yoo Hoo Bottling Company of Pennsylvania, Inc. et al., Appellants, *v.* Leibowitz.

Argued April 29, 1968. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Laurence H. Eldredge,* with him *Roger A. Johnsen,* for appellants.

*Tyson W. Coughlin,* with him *Lester H. Novack* and *Marvyn Gould,* for appellees.

OPINION PER CURIAM, November 12, 1968:

This is an appeal by the plaintiffs from the decree of the Court of Common Pleas No. 3 of Philadelphia

County. That decree awarded the plaintiff Max Ostroff $3,000 as against the defendant, Bireley's Beverage Company. It found in favor of all three defendants on all other claims made by the plaintiffs.

Inasmuch as, contrary to the rules of this Court, neither enumerated findings of fact nor an adjudication was made by the Chancellor at the time he rendered his decree nisi, there were no findings which the court en banc could affirm. The normal standard of review in an equity proceeding that the findings of a Chancellor, affirmed by a court en banc, have the effect of a jury verdict and, if based on sufficient evidence, will not be disturbed on appeal, is thus inapplicable here. We must make an independent review of the record. *Idell v. Falcone*, 427 Pa. 472, 235 A. 2d 394 (1967).

Briefly, plaintiffs charge all three defendants with fraud.[1] The law is clear that fraud must be established by evidence that is clear, precise, and convincing. *Carlson v. Sherwood*, 416 Pa. 286, 206 A. 2d 19 (1965). The evidence against defendant Arthur Dennis, and that against defendant Bireley's Beverage Company of Philadelphia falls far short of that standard of proof. The decree ordering Bireley's to pay Ostroff $3,000 and dismissing all other claims against Dennis and Bireley's is affirmed. We should point out that inasmuch as Ostroff's attempted rescission of his contract with Bireley's for fraud was ineffective, he is entitled to the five percent of Bireley's *issued* stock which he was given.[2]

---

[1] The conspiracy, embezzlement, and violation of a fiduciary relationship charges can all be enveloped within the fraud charge, and the parties have so treated them.

[2] It is clear to us that the intent of the parties was that Ostroff receive 5% of the issued stock rather than 5% of the total authorized stock.

As to defendant Leibowitz, although we join in the Chancellor's condemnation of his bookkeeping methods, the requisite proof of fraud is also lacking, except in one respect. The evidence is clear to us that he embezzled from the Yoo Hoo Corporation those funds represented by checks drawn on the corporation, issued to various people whose endorsements Leibowitz forged, and used for personal debts of Leibowitz.[3] Although the complaint prays for an accounting, we agree with the Chancellor that, in view of the state of the books, an accounting is impossible. However, the corporation is certainly entitled to recover damages it suffered as a result of these forged endorsements. Therefore, the decree in favor of Leibowitz is affirmed only in part. It is reversed in part, and the record is remanded to the court below, where opportunity should be granted the plaintiff corporation to produce any further evidence of embezzlement via forged endorsements. If none is forthcoming, a decree in favor of the corporation and against Leibowitz in the amount of $245 should be issued.

Each party to bear own costs.

Mr. Justice JONES, Mr. Justice COHEN and Mr. Justice ROBERTS concur in the result.

Mr. Justice MUSMANNO did not participate in the decision of this case.

---

[3] The two checks which we are convinced were handled in this way were those payable to Jack Grossman for $200 and to Jack Richman for $45.