Salvatore J. FIORENTINO and Linda Fiorentino, parents and natural guardians of Fred D. Fiorentino, a minor

v.

The TRAVELERS INSURANCE COMPANY and Jack Lenahen and Joseph Tucker.

No. 74–2616.

United States District Court, E. D. Pennsylvania.

May 1, 1978.

Sarah Hohenberger, Stephen J. Margolin, Fine, Staud, Grossman & Garfinkle, Philadelphia, Pa., for plaintiff.

Charles Craven, Philadelphia, Pa., for defendant Travelers.

John T. Quinn, Philadelphia, Pa., for defendants Lenahen & Tucker.

## MEMORANDUM

FOGEL, District Judge.

Defendant Jack Lenahen, filed a motion for judgment notwithstanding the verdict and a motion for new trial on April 27, 1977. These motions were denied by Order dated November 18, 1977. Notice of Appeal was filed December 12, 1977. This memorandum is in support of our November 18, 1977 Order. Both motions raised similar issues and therefore will be treated as one.

This is an action against Jack Lenahen (Lenahen), an insurance agent, for his failure to provide liability insurance coverage to Salvatore and Corlinda Fiorentino (Fiorentinos), the plaintiffs, for off-the-premises accidents. This suit was also brought against the Travelers Insurance Company (Travelers) for failure to provide such coverage through its agent, Lenahen. The jury found in favor of Travelers and against the plaintiffs, and in favor of the plaintiffs and against Lenahen.

## I. JURISDICTION

This matter is properly based on diversity jurisdiction. 28 U.S.C. § 1332. Plaintiffs are citizens of New Jersey; Travelers is a Connecticut corporation with its principal place of business in Connecticut; and Jack Lenahen is a citizen of Pennsylvania. The amount in controversy, exclusive of interest and costs, exceeds $10,000.00.

## II. FACTUAL BACKGROUND

In August, 1968, Mr. and Mrs. Fiorentino moved to a residence located at 1739 South 12th Street, Philadelphia, Pennsylvania where they resided until January, 1970. In April, 1969, an alleged meeting took place between the plaintiffs and Lenahen, who in the past had handled all of the plaintiffs' business and much of their personal insurance needs. Lenahen, after he was informed of the plaintiffs' insurance needs, allegedly led the Fiorentinos to believe that they would be covered for off-the-premises accidents and that they need not seek coverage elsewhere. Actually, Lenahen had obtained an owners/landlord and tenant policy appropriate for properties owned but leased to others by the plaintiffs rather than a Homeowner's policy which would cover the premises owned-and-resided-in by them. The result was that plaintiffs were not covered for off-the-premises accidents.

On October 18, 1969, Fred Fiorentino, the plaintiffs' minor son, while playing at his school's playground, accidentally struck and injured one Richard E. Purnevas. This incident resulted in a civil action commenced in the District Court for the State of New Jersey on December 10, 1970 by the parents of Purvenas. Travelers withdrew as counsel for the Fiorentinos claiming that the plaintiff was not covered for this incident.

## III. THE MOTIONS

Lenahen's motion for judgment N.O.V. is based on the assertion that there was insufficient evidence on the record.

Lenahen's motion for a new trial listed 24 separate grounds. Only those issues raising substantial claims will be discussed since the others are specious on their face.

A) Lenahen contends that we erred in upholding jurisdiction in this case because plaintiff failed to prove the principal place of business of Travelers. A corporation is deemed to be a citizen of both the state where it has been incorporated and where it has its principal place of business. The citizenship of the other party must be different from both of these places for a diversity action to be sustained on jurisdictional grounds. *Canton v. Angelina Casualty Company*, 279 F.2d 553 (5th Cir. 1960).

Paragraph One of the complaint alleges that plaintiffs are citizens of the State of New Jersey. Paragraph Two alleges that " . . . Travelers Insurance Company is a corporation organized and existing under the Laws of Connecticut and has as a principal place of business, the State of Connecticut." Paragraph Three alleges that Lenahen is a citizen of Pennsylvania. The amended complaint re-alleges the above statements.

Travelers, in its answer to the complaint, admitted both paragraphs One and Two. Travelers also admitted the following statements contained in Plaintiffs' Additional Request for Admissions:

a) The Travelers Insurance Company is a Connecticut Corporation with its principal place of business and its corporate headquarters in Hartford, Connecticut.

b) The Travelers Insurance Company does not have its principal place of business in the State of New Jersey.

Lenahen argued in the final pre-trial order that the principal place of business of Travelers is actually New Jersey. In response to the above Request for Admis-

sions, Lenahen admitted that Travelers' corporate headquarters was in Connecticut, " . . . but the defendant Jack Lenahen does not have any information as to where the principal place of the corporation is for diversity purposes. . . ."

Lenahen suggests that 28 U.S.C. § 1332(c)[1] makes Travelers a citizen of New Jersey and thus destroys the diversity jurisdiction of this Court. However, the language referred to was added to this section in 1964 for the sole purpose of preventing an injured party from bringing a direct action against an out of state insurer when the actual insured resides in the same state as the injured party. *See, Wright, Miller & Cooper,* Federal Practice and Procedure: Jurisdiction § 3629. The instant case was not one which was contemplated by Congress to come within the sweep of this section. *White v. United States Fidelity & Guaranty Company,* 356 F.2d 746 (1st Cir. 1966).

In view of the record, we held and reaffirm that Lenahen has not presented any evidence which would raise a legitimate question about the principal place of business of Travelers. We are satisfied with Travelers' own admission and find Lenahen's vague allegations to be unsubstantiated.

B) Lenahen argues that we erred in admitting into evidence exhibits 27 and 28, bills for life and health insurance from the Insurance Company of North America. Defendant claims that these bills were irrelevant to the cause of action and also prejudicial in that it showed that the defendant was " . . . making a great deal of money from the business that he had with the Fiorentino's. . . ." Plaintiffs argue that these exhibits were necessary to prove the extent of the relationship with and reliance on Lenahen.

---

1. 28 U.S.C. § 1332(c) states in pertinent part: . . . Provided further, That in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the State of which the insured is a citizen, as well as of any State by which the insurer has been incorporated and of the State where it has its principal place of business.

We weighed the possible prejudice to defendant against plaintiffs' purpose of proving their reliance upon Lenahen to take care of their insurance needs, and found that the evidence was properly admitted.

■ C) Lenahen contends that we erred in admitting into evidence insurance policy T–22, (a policy which, if in effect, would have covered the accident) because it implies that something was wrong with the policy actually issued to the plaintiffs. *We find that defendant has waived this objection by not raising this issue at an earlier time. Contract T–22 was appended to the complaint and also to the final pre-trial order. It is too late for defendant to complain after trial.*

■ D) Lenahen argues that it was error to admit exhibits T–31 and T–32 into evidence. These exhibits were notices sent to plaintiffs relating to their business insurance. Lenahen correctly notes that the letters were sent to S. & L. Steel Service and not the plaintiffs. Further, Lenahen objected at trial on the grounds of surprise because these letters were not listed in the final pre-trial order. Plaintiffs argue that the letters were relevant to impeach the credibility of the defendant on cross-examination since he claimed that he did not know the existence of these letters. Mr. Fiorentino testified that he and his wife are, for all intents and purposes, S. & L. Steel. We find that introduction of these exhibits was proper under all of the circumstances.

■ E) Lenahen challenges the testimony of Dr. Douglas Olsen on the basis that he was not proven to be an expert witness and was not named in the pre-trial order. Specifically, Lenahen claims that Dr. Olsen was not qualified to testify concerning insurance practices in 1969. Dr. Olsen, an associate professor in the Insurance Department of the Wharton School, University of Pennsylvania, stated that he obtained his knowledge of the insurance field through several hundred interviews with insurance agents relating to their marketing strategies and practices and by reading numerous books on the subject.

Federal Rule of Evidence 702 states: If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise.

We found that Dr. Olsen, because of his experience and training, was qualified to testify as to the areas of insurance practice on which he was questioned. *Salem v. United States Lines Co.,* 370 U.S. 31, 35, 82 S.Ct. 1119, 8 L.Ed.2d 313 (1962). Although Dr. Olsen was not listed in the pre-trial order, he was deposed by both defendants two months prior to trial. Therefore, defendant was not prejudiced in any way.

F) Lenahen contends that we erred in failing to charge the jury on a reformation theory. The proposed points for charge were as follows:

2. The terms of a written contract of insurance namely Travelers policy KHPS 1613 649 can only be varied where there is evidence of fraud or mistake. *Bessen Brothers, Inc. v. Brooks,* 176 Pa.Super. 430 [107 A.2d 623] (1954).

3. The evidence used to vary the terms of Travelers Insurance Policy KHPS 1613 649 must be clear precise and indubitable. *Bessen Brothers, Inc. v. Brooks, supra.*

4. The testimony of the plaintiffs in this case standing alone is insufficient to vary the terms of the insurance policy involved it must be corroborated by other witnesses or proof of confirmatory circumstances. *Bessen Brothers, Inc. v. Brooks, supra.*

■ Preliminarily, we note that the charge must be judged in its entirety. *Burch v. Reading Co.,* 140 F.Supp. 136 (E.D. Pa.1956), 240 F.2d 574 (3d Cir.), *cert. denied,*

353 U.S. 965, 77 S.Ct. 1049, 1 L.Ed.2d 914 (1957).

Reformation of the policy could only involve the parties to the contract, plaintiffs and defendant Travelers. Once the jury found in favor of Travelers, this objection became moot.

■ The case was bifurcated and trial was held on liability only. Defendant's points for charge were properly omitted since the issue of reformation could only arise if liability were found, inasmuch as reformation is a remedy only. *Potteiger v. Fidelity Phila. Trust Co.,* 424 Pa. 418, 227 A.2d 864 (1967).

G) Lenahen contends that we erred in failing to instruct the jury as follows:

One of the Fiorentinos claims is that def't. Lenahen should be found liable because his conduct constitutes fraud. In considering the claim of fraud, you should be guided by the principle of law which holds that fraud must be established by evidence that is clear, precise, and convincing.

*Yoo Hoo Bottling Co. of Philadelphia v. Leibowitz,* 432 Pa. 117, 247 A.2d 679 [469] (1968).

■ There was no evidence in the record of fraud to support the request; an instruction based on fraud under these circumstances would only have confused the jury. This proposed point was properly excluded. *Burch v. Reading Co., supra.*

■ H) Lenahen contends that we erred in instructing the jury on the theories of negligent misrepresentation, negligence and breach of the duty of an insurance agent to an insured. Contrary to defendant's allegation, plaintiffs did allege sufficient facts in their complaint and also in the final pre-trial order to place Lenahen's negligence in issue. The instruction objected to states:

In connection with your deliberations as to whether any reliance on Lenahen was justified, I instruct you that, an insurance policyholder has no duty to read the policy unless under the circumstances it is unreasonable not to read it.

Nor does it mean that they [the Insureds] have a duty to read the policy in every case.

You should therefore consider whether the Fiorentinos acted reasonably, if they relied upon representations made by Lenahen rather than reading the policy. This will depend upon their relationship with the agent and nature of the situation. You should consider whether representation of the insurance agent, given his expertise, naturally tended to induce the Fiorentinos to reasonably believe that reading the policy would be superfluous.

■ These instructions accurately reflect Pennsylvania law on the subject. The four elements of negligent misrepresentation are: 1) actual negligence in the representation of the type or extent of insurance coverage; 2) substantial reliance by the insured on the representation in deciding whether or not to purchase the insurance; 3) the misrepresentations must result in some harm or loss; and 4) there must be justifiable reliance on the agent's representations. *Avondale Cut Rate v. Associates Excess Indemnities,* 406 Pa. 493, 178 A.2d 758 (1962); *Arresto v. National-Ben Franklin F. Ins. Co.,* 184 Pa.Super. 114, 133 A.2d 304 (1957).

■ When the insured informs the agent of his insurance needs and the agent's conduct permits a reasonable inference that he was highly skilled in this area, the insured's reliance on the agent to obtain the coverage that he has represented that he will obtain is justifiable. The insured does not have an absolute duty to read the policy, but rather—only the duty to act reasonably under the circumstances. The circumstances vary with the facts of each case, and depend on the relationship between the agent and the insured. *Avondale, supra; Arresto, supra.*

■ Our instructions on negligence were also correct. The duty owed by an

insurance agent to an insured is to obtain the coverage that a reasonable and prudent professional insurance agent would have obtained under the circumstances. *Rempel v. Nationwide Life Ins. Co., Inc.,* 227 Pa.Super. 87, 323 A.2d 193 (1974), *aff'd,* 471 Pa. 404, 370 A.2d 366 (1977). There were sufficient facts on the record from which the jury could have found Lenahen liable under a theory of negligence or negligent misrepresentation.

I) After a thorough review of the entire record in this matter, we find that the verdict rendered by the jury was in accord with the law and evidence presented. Defendant's motion for a new trial was accordingly denied.

J) Lenahen asserts in his motion for judgment notwithstanding the verdict that plaintiffs have failed to meet their burden of proof, to wit, the evidence must be clear and convincing. Defendant's reliance on *Yoo Hoo Bottling Co. v. Leibowitz,* 432 Pa. 117, 247 A.2d 469 (1968) and *Bessen Bros. v. Brooks,* 176 Pa.Super. 430, 107 A.2d 623 (1954), is misplaced. Both cases deal with fraud and mistake.

 The correct statement of Pennsylvania law under the appropriate theory of negligent misrepresentation or negligence requires that all elements be proven by a preponderance of the evidence. *Rempel, supra.* The parole evidence rule is a rule of substantive contract law, not an exclusionary rule of evidence, and as such does not bar evidence of an insurer's negligent misrepresentations. *Rempel, supra.* Thus, although there were conflicting accounts regarding Lenahen's representations, there was sufficient evidence from which a jury could find that these representations were not accurate.

For these reasons, defendant's motion for judgment notwithstanding the verdict was denied.