538 A.2d 524

**Virginia K. HOWER, Appellant,**

v.

**WHITMAK ASSOCIATES and Kravco, Inc.**

v.

**R & R PAVING CO., INC. and Thomas J. Rutz.**

Superior Court of Pennsylvania.

Argued Oct. 2, 1987.

Filed Jan. 29, 1988.

Reargument Denied March 16, 1988.

444

Richard D. Director, Allentown, for appellant.

James M. Patrick Turner, Jr., Philadelphia, for Whitmak, appellee.

James M. Brogan, Philadelphia, for R & R Paving, appellee.

Before BECK, KELLY and POPOVICH, JJ.

POPOVICH, Judge:

This is an appeal from an order of the Court of Common Pleas of Lehigh County, later reduced to judgment, entering summary judgment against the plaintiff/appellant, Virginia K. Hower. We reverse.

In making our assessment of the case at bar, we are guided by the following standards of review; to-wit: Summary judgment should not be entered unless the case is free from doubt. *Weiss v. Keystone Mack Sales, Inc.,* 310 Pa.Super. 425, 456 A.2d 1009 (1983). Since the moving party has the burden of proving that no genuine issues exist as to the material facts, the record must be examined in a light most favorable to the non-moving party; in doing so all well-pleaded facts in the non-moving party's pleadings are accepted as true and that party is given the benefit of all reasonable inferences to be drawn therefrom. *Spain v. Vicente,* 315 Pa.Super. 135, 461 A.2d 833 (1983). Summary judgment shall be granted if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Williams v. Pilgrim Life Insurance Co.,* 306 Pa.Super. 170, 452 A.2d 269 (1982).

The record reveals that the plaintiff filed a complaint seeking damages for injuries sustained when "her automobile was struck in the rear by an automobile being driven by

Thomas J. Rutz" while she was at rest at a stop sign waiting to exit the Whitehall Mall.

Because of ice and snow which had accumulated on the exit ramps leading from the Whitehall Mall, Rutz supposedly lost control of his vehicle and struck the plaintiff. Further, the plaintiff alleged that the negligence of the owner of the Mall (defendant/Whitmak Associates) and its manager (defendant/Kravco, Inc.,), in failing to remove the ice and snow, close off the exit ramp in question or give notice to the plaintiff of its condition, rendered them liable for the injuries she sustained and entitled her to damages in excess of $20,000.

In response, the defendants filed an Answer with New Matter denying liability. They asserted that the damages were caused by the negligence of R & R Paving Co. or Thomas J. Rutz. Therefore, a complaint was filed by the defendants joining R & R Paving Co. and Thomas J. Rutz as additional defendants. Therein, the defendants contended that R & R Paving Co. had breached its contract with them in failing to clear the ice and snow from the defendants' premises or that Rutz's negligence in the operation of his vehicle rendered the additional defendants solely, jointly or severally liable.

What ensued from December 6, 1985, until February 19, 1986, was the filing of a series of interrogatories, requests for the production of documents and pleadings. Of interest to us is the content of paragraph 12 of Rutz's Answer and New Matter, wherein he alleged that by virtue of a General Release executed by the plaintiff on May 9, 1984, and in consideration of $5,500, he was "released ... of any and all liability as a result of the accident of March 8, 1984."

On March 10, 1986, R & R Paving Co. filed a motion seeking to amend its Answer to incorporate, by reference, the entire General Release signed by Hower. It was the contention of R & R Paving Co. that the General Release, by its terms, "discharge[d] any and all persons, firms and corporations from any and all causes of actions, claims, demands, damages, known and unknown personal injuries

alleged to have been sustained at the time and place alleged to be pertinent hereto." (Paragraph 9)

By stipulation of all counsel, the defendants, as well as R & R Paving Co., were permitted to amend their Answer to allege that the General Release signed by the plaintiff encompassed all parties to the suit so as to discharge all concerned from further liability. (See R & R Paving Co.'s New Matter at paragraphs 31–34; Defendants' New Matter at paragraphs 23–26)

In response to the defendants' and R & R Paving Co.'s amended Answer, the plaintiff denied that the release she signed was a "general release" intended to discharge "any and all persons, firms and corporations ... from liability to [her] for claims relating to the accident ...." Further, she averred that no consideration was provided by the defendants or R & R Paving Co. for the release. (See Plaintiff's Response to New Matter of defendants at paragraph 24; Plaintiff's Answer to New Matter of R & R Paving Co. at paragraphs 23–30)

By order dated June 20, 1986, the parties were directed to engage in "discovery with respect to the issue of the legal effect of the release ...." As a result thereof, the appellant was deposed on August 7, 1986.

The deposition testimony of the appellant reveals that she had several discussions with Rutz's insurance agent (Lynette Early for Nationwide Insurance Company), as well as having written the agent four letters regarding her concern that the limits of Rutz's liability insurance ($5,500) were inadequate to compensate her for the injuries incurred. The agent, according to the appellant, remarked that nothing more than the stated amount would be forthcoming to her. Thus, the appellant, needing the money to pay bills, signed the release and did so without the advice of counsel.

Additionally, the appellant testified that, although she read the release, she "just ... didn't understand it, really." This prompted her to phone Agent Early to have the scope of the release explained to her. According to the appellant,

the agent informed her that the release only applied to Rutz and Nationwide Insurance Company.

On September 25, 1986, R & R Paving Co. filed a motion for summary judgment claiming that the release in question was a general release constituting an absolute bar to recovery by the appellant. (Paragraph 11) Further, it was alleged that the appellant failed to demonstrate by clear and convincing evidence the existence of fraud, mutual mistake, incompetence or undue duress in the execution of the release so as to render it invalid. (Paragraphs 9 & 10) The defendants followed suit by incorporating by reference R & R Paving Co.'s allegations in its own motion for summary judgment.

By order of October 2, 1986, a rule was entered hearing argument on the appellant's motion to amend her Answer to the New Matter of the defendants and the additional defendants. In particular, it was averred in the motion that facts were "misrepresented" to the appellant and that fraud, mutual mistake or duress may have had a part in the securement of the release. Also, that at the time the release was signed the defendants and R & R Paving Co. were not contemplated by the appellant as parties to the suit, that if the appellant did not sign the release she would receive nothing from Nationwide Insurance Company and that by signing the release the appellant was "not giving up any claim which she might have against any other person, i.e., the document related only to her claim against Thomas Rutz." (Paragraph 8)

In reply, the defendants filed an Answer to the appellant's motion to amend her Answer in which they denied that "certain facts were misrepresented to Plaintiff and that the release may have been obtained as a result of fraud, mutual mistake or duress." (Paragraph 8) Similar responses were filed by Rutz and R & R Paving Co. denying the existence of fraud, mutual mistake or duress in the execution of the release.

On October 24, 1986, the appellant filed an Answer to the motions for summary judgment wherein she reiterated that

it was never the intention of the parties to the release that it be a "general release". (Paragraph 7) "Furthermore, if the said Thomas Rutz presents evidence that a general release was intended or discussed, then a genuine issue of fact is raised which must be decided by the jury." (Paragraph 9)

Lastly, the appellant re-stated that R & R Paving Co. was not thought of as a party to the suit until it was joined as an additional defendant by the original defendants, and that the insurance agent told her that "she was only releasing Thomas Rutz or Nationwide from claims." (Paragraph 8)

After the submission of the pleadings, deposition and interrogatories, the court below heard argument on the requested relief and, by order dated March 11, 1987, granted summary judgment in favor of all defendants and additional defendants. With the order reduced to judgment, this timely appeal followed.

Of the two issues raised by the appellant for our review, we find it necessary to address only the question of whether the court below erred in granting summary judgment in the face of pleadings and a deposition raising a factual issue of mutual mistake or possible fraud in the procurement of the release.

██ It is established law that a release normally encompasses only such matters which may fairly be said to have been within the contemplation of the parties when the release was given. See *Sparler v. Fireman's Insurance Co. of Newark, New Jersey,* 360 Pa.Super. 597, 521 A.2d 433 (1987) (en banc). This is so to give effect to the intention of the parties, which is of paramount concern in construing a release. *Id.* In doing so, the document is not interpreted with such rigidity to create a contract contrary to the intention of the parties. *Cockcroft v. Metropolitan Life Insurance Co.,* 125 Pa.Super. 293, 189 A. 687 (1937). Rather, "the words of a release 'should not be construed to

extend beyond the express consideration mentioned so as to make a release for the parties which they never intended or contemplated.' " *Sparler,* supra, 360 Pa.Super. at 601, 521 A.2d at 435 (Citation omitted).

The release executed by the appellant reads as follows:

### RELEASE OF ALL CLAIMS

FOR AND IN CONSIDERATION OF the payment to me/us of the sum of *($5,500.00)* *Five thousand five hundred* dollars ..., and other good and valuable consideration, I/we, being of lawful age, have released and discharged, and by these presents do for myself/ourselves, my/our heirs, executors, administrators and assigns, release, acquit and forever discharge *Thomas J. Rutz* and any and all persons, firms and corporations, whether herein named or referred to or not, of and from any and all past, present and future actions, causes of action, claims, demands, damages, costs, loss of services, expenses, compensation, third party actions, suits at law or in equity, including claims or suits for contribution and/or indemnity, or whatever nature, and all consequential damage on account of, or in any way growing out of any and all known and unknown personal injuries, death and/or property damage resulting or to result from accident that occurred on or about the *8th* day of *March 1984,* at or near *Whitehall Mall out into Mickley Rd. Lehigh Co.* * * *.

It is the contention of the appellant that the language in the release discharging "any and all other persons, firms and corporations, whether herein named or referred to or not" was not intended by her to render the defendants and additional defendant/R & R Paving Co. immune from suit.

Similar language was the subject of inquiry in *Wolbach v. Fay,* 488 Pa. 239, 412 A.2d 487 (1980) and *Hasselrode v. Gnagey,* 404 Pa. 549, 172 A.2d 764 (1961). In both cases, the Court concluded that the release barred recovery by the

plaintiff from any of the defendants, even though they were not named specifically in the instruments.

However, upon a closer scrutiny of the recitation of the law in *Wolbach,* we find a different result in the case at bar is justified. For instance, *Wolbach* spoke of the reformation of the release by a showing of fraud or mutual mistake by clear, precise and convincing evidence.

Because Wolbach, in his deposition, recounted that the release was in clear language, that he read it, and that he understood the meaning of the words there was no evidence of fraud. Especially was this so "[s]ince there [was] no allegation of actual misrepresentation *and* the appellant had the opportunity to read the release and admitted he understood it, [the Supreme Court found] there was no fraud." 488 Pa. at 242, 412 A.2d at 488 (Emphasis added).

Instantly, unlike in *Wolbach,* the appellant does allege actual misrepresentation by Agent Early in informing her that the release would only discharge Rutz and Nationwide Insurance Company. Additionally, the appellant's deposition recounts her failure to comprehend the meaning of the release, which necessitated her contacting the agent for elaboration as to the scope of the "form" document.

As for the *Hasselrode* decision, we find it to be inapposite since nowhere therein is there any assertion by the complainant that fraud, mutual mistake or duress played a role in obtaining the release.

■ Accordingly, we are of the opinion that there were sufficient allegations of fact in the pleadings and deposition of the appellant to raise a material issue of fact regarding the intent of the appellant in executing the release (see Pa.R.Civ.P. 1035(b)), a matter which justifies the submission of the issue to a trier-of-fact to resolve. See, e.g., *Buttermore v. Aliquippa Hospital, et al.,* 368 Pa.Super. 49, 533 A.2d 481 (1987); *Cady v. Mitchell,* 208 Pa.Super. 16, 220 A.2d 373 (1966).

Order reversed. Jurisdiction is not retained.