## Mericle v. Wolf

*John J. Robinson,* for plaintiff.

*Gary C. Bender,* for defendants John G. Wolf and Marianne Wolf.

*Murray S. Eckell,* for defendant Sacred Heart Hospital.

LABRUM, *J.,* January 5, 1989—The court granted a partial summary judgment in this matter in favor of defendants, and plaintiff appealed to the Superior Court.

The complaint in this matter alleged that plaintiff, as tenant and lessee of the first-floor store of real estate located at 2701 West Ninth Street, Chester, Delaware County, Pennsylvania had a right of first refusal to purchase the property if the property was to be sold. The rider to the subject lease provided that the lessor·(defendants. Wolf) agreed to provide the lessee with first refusal at the buyer's price if the property was to be sold. On December 3, 1987, plaintiff filed the subject complaint alleging that the subject property was transferred to defendant Sacred Heart Hospital in violation of plaintiff's right of first refusal. Plaintiff sought to set aside the deed transfer and sought money damages and other relief from the court.

Summary judgment is required when a party is entitled to judgment as a matter of law and there is

a clear absence of genuine factual issues. *Hower v. Whitmark Associates,* 371 Pa. Super. 443, 538 A.2d 524 (1988). In the present case, the rider to the Wolf-Mericle lease provided that plaintiff would have the right of first refusal to purchase the subject property at the buyer's price if the property was to be sold. On or about October 26, 1987, defendants Wolf transferred the subject property by gift to Sacred Heart Hospital. The record contained a copy of the deed transferring the property and indicating a consideration for the transfer of $1 and a copy of the settlement sheet showing the nominal consideration as stated. According to the affidavit filed in the pleadings, the intent of the transfer was to make a gift of the property to Sacred Heart Hospital and no further consideration or market bargaining was involved in the transfer. Defendants took the position that because the transfer of the subject property was by gift, plaintiff's right of first refusal never took effect. The transfer by gift did not equate to a sale for the purpose of plaintiffs' right of refusal. The court agreed with this position by the granting of the partial summary judgment.

The rider to the lease between the parties provided, inter alia:

"Lessor agrees . . . to give lessee first refusal at buyer's price if property is sold."

It was undisputed that the property was transferred by gift not sold. There was no market purchase price involved whatsoever in the transaction.

Although no Pennsylvania appellate court has addressed the issue of a gift constituting a sale for the purpose of triggering a right of first refusal, it is axiomatic that the law of contracts can be applied to resolve the issue. A lease is a contract and is to be interpreted according to contract principles. *Hutchison v. Sunbeam Coal Corp.,* 513 Pa. 192, 519 A.2d

385 (1986). The parties have the right to make their own contract and it is not the function of the court to rewrite the contract or to give it a construction in conflict with the accepted and plain meaning of the language used. *Greene v. Oliver Realty,* 363 Pa. Super. 534, 526 A.2d 1192 (1987). In *Isaacson v. First Security Bank of Utah,* 511 P.2d 269 (Idaho 1973), the Idaho Supreme Court, in deciding whether a transfer by gift from a father to son of property subject to a right of first refusal engaged the right of first refusal, held the transaction did not amount to a "sale" for purposes of triggering the right of first refusal since the transfer was not an open market sale resulting from arm's length dealings. In *Prince v. Elm Investment Co. Inc.,* 649 P.2d 820 (Utah 1982), the Utah Supreme Court indicated that, for purposes of the right of first refusal:

"[A] 'sale' occurs upon the transfer (a) for value (b) of a significant interest in the subject property (c) to a stranger to the lease (d) who thereby gains substantial control over the leased property."

In the lease before this court, the right of first refusal was provided to the lessee "at buyer's price if property is to be sold." This language indicates an intent on the part of the parties that the right of first refusal would come to play upon the exchange of consideration or at the "buyer's price." When the situation occurred whereby the property was not transferred for money or at the buyer's price, but was instead transferred by gift, the right of first refusal never came into effect. As a result, plaintiff had no claim of entitlement or right to exercise the right of refusal and as such his requests for relief were without merit. For the foregoing reasons, the partial summary judgment was entered in favor of defendants.