## Weichey v. Doerr

C.P. of Butler County, no. 97-10915.

*Eric D. Levin,* for plaintiff.
*Thomas W. King,* for defendant Doerr.
*Dai Rosenblum,* pro se.

HANCHER, *J.,* January 31, 2001—And now, before this court is defendant's motion for summary judgment.

For the reasons set forth below, defendant's motion is denied.

## I. FACTUAL BACKGROUND

Plaintiff Scarlett Weichey filed this action against Attorneys Doerr and Rosenblum alleging that her underinsured motorist claim was denied due to their negligence. Plaintiff argues her underinsurance benefits were lost because her underlying claims against the tort-feasors were settled without first obtaining consent to settle and waiver of subrogation from her own motorist insurance carrier.

On or about May 2, 1990, plaintiff and Attorney Doerr entered into a contingent fee agreement whereby Doerr agreed to represent plaintiff in connection with a civil suit arising out of injuries plaintiff sustained in an automobile accident on or about April 28, 1990. Attorney Doerr undertook to represent plaintiff by means of negotiation with the tort-feasors, Cathy and Joseph Yusko (Nationwide Insurance Co.) and George Weiland (Aetna Casualty and Surety).

The Yusko action was interpleaded and on April 10, 1992, an order of court was issued approving settlement and distribution of the Nationwide Insurance Company policy limits. However, Attorney Doerr did not obtain consent to settle and waiver of subrogation from plaintiff's underinsured carrier, State Farm Insurance Company. Nor did Attorney Doerr obtain consent to settle and waiver of subrogation from State Farm before settlement of said claim against George Weiland (Aetna Casualty and Surety).

On August 21, 1992, the plaintiff entered into a substitution agreement with Dai Rosenblum. On August 25, 1992, Attorney Rosenblum negotiated a second settlement agreement with the tort-feasors' insurance carriers. Attorney Rosenblum also failed to obtain consent to settle or waiver from plaintiff's underinsured carrier. Attorney Rosenblum then initiated an action for plaintiff's underinsured benefits, which resulted in an underinsured arbitration panel finding in favor of State Farm, plaintiff's insurance carrier specifically due to the failure to obtain written consent to settle with the third party tort-feasors, as her policy required. This decision was affirmed in the courts.

Before us at this time is Attorney Doerr's motion for summary judgment. The focus of the summary judgment is related to plaintiff's claim that her underinsurance benefits were "irreversibly lost" as a result of the negligence of the defendant, Attorney Doerr. Attorney Doerr claims that there are no genuine issues of material fact and that the alleged failure to obtain this consent would not affect plaintiff's ability to recover for underinsured motorist coverage due to the recent decision in a 1999 Pennsylvania Superior Court case.

## II. STANDARD OF REVIEW

Our standard of review in summary judgment cases is based upon Pa.R.C.P. no. 1035(b). Summary judgment is only proper where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law.

A motion for summary judgment may properly be granted when the pleadings depositions, answers to in-

terrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Godlewski v. Pars Manufacturing Company,* 408 Pa. Super. 425, 597 A.2d 106 (1991). Summary judgment may be entered only in cases that are clear and free from doubt. *Weiss v. Keystone Mack Sales Inc.,* 310 Pa. Super. 425, 430, 456 A.2d 1009, 1011 (1983).

Additionally, the record must be examined in the light most favorable to the non-moving party, accepting as true all well-pleaded facts in its pleadings and giving that party the benefit of all reasonable inferences drawn therefrom. *Hower v. Whitmak Associates,* 371 Pa. Super. 443, 445, 538 A.2d 524, 525 (1988). Moreover in summary judgment proceedings, the court's function is not to determine the facts, but only to determine if a material issue of fact exists. *French v. United Parcel Service,* 377 Pa. Super. 366, 372, 547 A.2d 411, 414 (1988).

### III. MERITS OF DEFENDANT'S ARGUMENT

Defendant, Attorney Doerr argues that any negligence committed, which is specifically denied, in failing to obtain the consent of State Farm Mutual Insurance Company in settling plaintiff's claims for damages with Nationwide and Aetna would not rise to a cause of action of negligence against the defendant, Attorney Doerr.

Attorney Doerr cites the case of *Nationwide Mutual Insurance Company v. Lehman,* 743 A.2d 933 (Pa. Super. 1999), which states that *prejudice* to the underinsured motorist carrier is necessary to its denial

of coverage after the insured settles for the limits of the available liability insurance and in contravention of the consent to settle clause. Accordingly, Attorney Doerr claims that the alleged failure to obtain this consent would not affect plaintiff's ability to recover for underinsured motorist coverage from State Farm Mutual Insurance Company as State Farm did not demonstrate that its interest had been prejudiced and, therefore, State Farm cannot deny coverage to plaintiff.

In order for this court to discern if the *Lehman* case law applies to the instant case we must determine if the case is on point. After review, this court finds that the facts of the *Lehman* case are not parallel with the facts of the instant case therefore not controlling law. In *Lehman,* the insured had placed his insurance carrier on *notice* that the underinsured motorist coverage was at issue and had requested that "Nationwide pull [Lehmans'] records." *Lehman* at 935. Lehmans' attorney faxed a letter to Nationwide's adjuster requesting consent to settle and Nationwide notified the Lehmans' attorney that it could not consent to a settlement agreement until it received and reviewed its file. *Id.*

After review of the instant case, and, in comparison to *Lehman,* this court finds the facts are dissimilar for two reasons. First, in the instant case, plaintiff's insurance carrier (State Farm) was never put on notice of the underinsured motorist claim and was never asked to consent to settle or waive subrogation. Further, State Farm was never aware of the existing claims and for similar reasons was released of its liability in the first case of *Weichey v. State Farm.* Although this court recognizes the rule of law in *Lehman* that states that the

insurance carrier must show its interests were prejudiced before it denies the underinsured motorist coverage to plaintiff, this only applies when the insurance carrier is aware of a claim and/or possible settlement. In the instant case, State Farm had no knowledge of the claim and of a request of consent to settle or waiver of subrogation and therefore this court cannot apply *Lehman* to the case at hand as binding law. Further, the issue of prejudice will not be taken into consideration for it is not necessary because this court concluded the suggested case law is not on point.

Secondly, this court finds the principle of law discussed above in *Lehman* has been applied inappropriately to the facts of this case. After close review of *Lehman,* it is the court's determination that this principle of law is restricted to its application, in that, it should be applied only in cases where the parties are insurer and insured. This court believes that it is improper to apply the principle of law discussed in *Lehman* (whereby the facts include a contractual provision in an insurance policy regarding the consent to settle clause and an insurer and insured) to a collateral professional malpractice cause of action between attorney and client. Simply, the facts are different.

In addition, it is the court's understanding the Superior Court of Pennsylvania has upheld this court in the earlier case of *Weichey v. State Farm,* Pa. Super. no. 932 Pittsburgh 1997, denying Weichey her right to a underinsured motorist claim due to her failure of notice and consent thereby barring her action.

In conclusion, there are genuine issues of material fact that need to be determined, and defendant is not

entitled to judgment as a matter of law, therefore, the defendant's motion for summary judgment is denied.

In addition, since this court decided that *Lehman* is not controlling in this case, we have no need to address the issue of retroactive application of such case law.

Accordingly we submit the following:

ORDER

And now, January 31, 2001, it is hereby ordered, adjudged and decreed, defendant's motion for summary judgment is denied.