

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-23-2005

# Sonecha v. New England Life Ins

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-1448

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Sonecha v. New England Life Ins" (2005). *2005 Decisions.* Paper 1436.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1436

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 04-1448

JAY SONECHA, TRUSTEE OF THE DUA FAMILY
MULTIPLE POWERS LIQUIDITY TRUST,

Appellant

v.

NEW ENGLAND LIFE INSURANCE COMPANY
ta
NEW ENGLAND FINANCIAL; NEW ENGLAND FINANCIAL GROUP;
ROBERT WERMUTH; ANIL MINOCHA

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

(Dist. Court No. 03-cv-03757)
District Court Judge: Honorable Legrome D. Davis

Argued January 20, 2005

Before: ALITO, McKEE, and SMITH, Circuit Judges

(Opinion Filed:   March 23, 2005  )

DAVID KRAUT (Argued)
BRIAN R. BARLOW
Kraut, Harris, Maliszewski & Barlow, P.C.
1777 Sentry Parkway West
Abington Hall, Suite 200
Blue Bell, PA  19422

*Counsel for Appellant*

MICHAEL CONLEY (Argued)
Anderson Kill & Olick, P.C.
1600 Market Street
Suite 2500
Philadelphia, PA 19103

*Counsel for Appellees New England Financial Group,
New England Life Insurance Company, and Robert
Wermuth*

LAWRENCE H. POCKERS (Argued)
THOMAS B. K. RINGE, III
Duane Morris LLP
One Liberty Place
Philadelphia, PA 19103

*Counsel for Appellee Anil Minocha*

OPINION OF THE COURT

PER CURIAM:

Because we write for the parties only, we do not set forth the facts of this case. Jay Sonecha, as trustee of the Dua Family Multiple Powers Liquidity Trust (the "Trust"), appeals from a final order of the District Court dismissing his complaint under Federal Rule of Civil Procedure 12(b)(6). For the reasons that follow, we affirm.

I.

When a complaint is dismissed for failure to state a claim, our review is plenary. See Carino v. Stefan, 376 F.3d 156, 159 (3d Cir. 2004). We apply the same standard on

review that the District Court should have applied.  Id.  "A motion to dismiss pursuant to Rule 12(b)(6) may be granted only if, accepting all well pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief."  In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1420 (3d Cir. 1997).

## II.

The District Court concluded that Sonecha's claim for negligence was deficient because it failed to allege that any of the defendants had ever served as trustee of the Trust.  Since only the trustee owed the Trust a fiduciary duty, the Court reasoned, then only the trustee could be a proper defendant in a negligence action by the Trust.  The problem with this reasoning is that a trustee's fiduciary obligations do not exhaust the possible duties that a trust may be owed.  The law of tort creates independent duties that an individual must observe even if he has no fiduciary obligations.  Since it is undisputed that Pennsylvania provides the substantive law for this diversity case, we turn to that state's common law of tort to determine whether any of the defendants owed the Trust a duty under the facts alleged in the complaint.

## A.

Count I of the complaint alleges that Robert Wermuth caused the Trust's loss by failing, in various ways, to ensure that the policy remained in effect.  Because inaction is not tortious absent a duty to act, these omissions would not lead to liability unless

3

Wermuth had a special relationship with the Trust that justified imposing an affirmative duty on him.  See Melendez ex rel. Melendez v. City of Philadelphia, 466 A.2d 1060, 1063 & n.3 (Pa. Super. Ct. 1983); Prosser and Keeton on the Law of Torts § 56, at 373-74 (W. Page Keeton general ed., 5th ed. 1984).  Sonecha argues that the Trust and Wermuth had just such a relationship, since the Trust as policy beneficiary was counting on Dr. Dua's insurance agent to see that the insured had appropriate coverage.

The cases Sonecha cites, however, involve insurance agents who either misrepresented the extent of coverage, see Fiorentino v. Travelers Ins. Co., 448 F. Supp. 1364, 1366 (E.D. Pa. 1978), or failed to inform the insured of a lapse, see Jarvis v. Workmen's Comp. Appeal Bd., 441 A.2d 1189, 1189 (Pa. 1981).  The complaint, by contrast, frankly admits that Wermuth informed both the insured and the beneficiary of the lapse and then arranged to reinstate the policy.  We have found no authority that Wermuth's duty extended any further, and we question how it could.  An insurance agent does not have a right, much less a duty, to collect a premium from one who will not pay it.  The complaint's averments to the contrary, see Complaint ¶ 30(a)-(b), are "bald assertions" of law which the Court, even at this stage of the proceedings, need not indulge.  See Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 & n.8 (3d Cir. 1997).

Count I also alleges that Wermuth is liable for the negligent misrepresentation of his assistant.  Pennsylvania's law of negligent misrepresentation is provided by section 552 of the Second Restatement of Torts, which reads in pertinent part:

4

One who, in the course of his business, profession or employment, or in any other transaction in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information.

Restatement (Second) of Torts § 552(1) (1977); see also Bilt-Rite Contractors, Inc. v. The Architectural Studio, No. 74 MAP 2002, 2005 WL 120794, at *17 (Pa. Jan. 19, 2005). Liability extends only to injuries suffered by those who justifiably rely on information and whose reliance the defendant could have reasonably foreseen. See Bilt-Rite Contractors, 2005 WL 120794, at *16; Mill-Mar, Inc. v. Statham, 420 A.2d 548, 552 (Pa. Super. Ct. 1980).

The complaint fails to state a claim within these parameters because it does not allege that the assistant's misinformation was relied on, or even received by, the Trust. Nor can the complaint be saved by assuming that Meena Dua was acting as the Trust's agent. Although the receipt of the information could then be imputed to the trustee, the trustee still could not show justifiable reliance because the complaint admits that she knew the policy had lapsed. See Su v. M/V S. Aster, 978 F.2d 462, 473 (9th Cir. 1992) ("[I]f the principal knows the true facts, the attempted deception may not be imputed to the principal."). The authorities Sonecha marshals, which deal almost exclusively with fraudulent misrepresentations, see, e.g., Restatement (Second) of Agency § 315 & illus. 4 (1958), do not persuade us of the viability of his agency argument in the negligence

5

context. We conclude that Count I alleged no actionable omissions or misrepresentations under Pennsylvania law and thus was properly dismissed. It follows that Counts II and III, which alleged vicarious liability based on Count I, were also properly dismissed.

B.

Turning to Sonecha's claim against Anil Minocha, we find section 323 of the Second Restatement of Torts right on point. Section 323 provides:

> One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of the other's person or things, is subject to liability to the other for physical harm resulting from his failure to exercise reasonable care to perform his undertaking, if
> (a) his failure to exercise such care increases the risk of such harm, or
> (b) the harm is suffered because of the other's reliance upon the undertaking.

Restatement (Second) of Torts § 323 (1965). The Restatement defines physical harm as "the physical impairment of the human body, or of land or chattels." Id. § 7(3); see also id. § 7 cmt. e ("The words 'physical harm' are used to denote physical impairment of the human body, or of tangible property, which is to say land or chattels."). This distinction between tangible and intangible injuries has been carefully observed by Pennsylvania's courts. See Pascarella v. Kelley, 105 A.2d 70, 73 (Pa. 1954) (duty to avoid damage to building); Carlotti v. Employees of Gen. Elec. Fed. Credit Union No. 1161, 717 A.2d 564, 567 (Pa. Super. Ct. 1998) (no duty to ensure coverage under insurance policy); Caldwell v. City of Philadelphia, 517 A.2d 1296, 1301 (Pa. Super. Ct. 1986) (no duty to

6

preserve evidence necessary for lawsuit); <u>Sharon Steel Corp. v. DeLaval Turbine, Inc.</u>, 4 Pa. D. & C.3d 325, 330-31 (Pa. Ct. Com. Pl. 1977) (no duty to prevent factory shutdown and loss of profits).  Since neither the policy nor its expected proceeds were tangible property, Minocha's alleged undertaking could not expose him to liability for their loss. The claim against him was properly dismissed.

III.

After careful consideration of the parties' submissions and oral arguments, we conclude that Sonecha's complaint failed to state a legally sufficient claim for negligence against any named defendant.  The District Court's order dismissing the complaint is accordingly affirmed.

7