J-A22043-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| THADDEUS J. BARTKOWSKI, III & CRYSTAL ANNE CRAWFORD | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellants | |
| v. | |
| KENNETH RAMONDO & THERESE-CECILIA RAMONDO, | |
| Appellees | No. 432 EDA 2017 |

Appeal from the Judgment Entered January 27, 2017
in the Court of Common Pleas of Chester County
Civil Division at No.: 2015-05842-RC

| | |
|---|---|
| THADDEUS J. BARTKOWSKI, III & CRYSTAL ANNE CRAWFORD | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellees | |
| v. | |
| KENNETH RAMONDO & THERESE-CECILIA RAMONDO, | |
| Appellants | No. 521 EDA 2017 |

Appeal from the Judgment Entered January 27, 2017
in the Court of Common Pleas of Chester County
Civil Division at No.: 15-05842

BEFORE:  BOWES, J., LAZARUS, J., and PLATT, J.*

_____

* Retired Senior Judge assigned to the Superior Court.

J-A22043-17

MEMORANDUM BY PLATT, J.:                    **FILED JANUARY 22, 2018**

Thaddeus J. Bartkowski, III and Crystal Anne Crawford (the Bartkowskis) and Kenneth Ramondo and Theresa-Cecelia Ramondo (the Ramondos) have filed cross-appeals from the judgment[1] entered by the trial court in this matter on January 27, 2017. We vacate in part and affirm in part.

We take the following facts from our independent review of the certified record, and the trial court opinion, which contains the stipulated record submitted by the parties in lieu of a trial. (**See** Trial Court Opinion, 9/19/16, at 1). On July 16, 1991, the Ramondos purchased their property (the Ramondo Property). "The Ramondo Property is a 'flag lot,' meaning there is a [twenty-five] foot wide strip of land fronting Garrett Mill Road (the 'pole'), which extends approximately 600 feet [before] reaching the main portion of the Ramondo Property (the 'flag'). The Ramondo Property is approximately 5.62 acres." (**Id.** at 2 ¶ 3). The Bartkowskis bought the partially adjacent property (the Bartkowski Property) on December 11, 2012. "The Bartkowski Property is also a 'flag lot' with a [twenty-five] foot wide pole. The Bartkowskis' pole runs adjacent to the Ramondos' pole [and the Bartkowski Property] is approximately 5.25 acres." (**Id.** at 3 ¶¶ 6-7).

_____

[1] The parties purport to appeal from the trial court order denying their respective post-trial motions. However, an appeal properly lies from the final order. We have amended the caption accordingly.

- 2 -

The two properties once were owned by common grantors, Adrian and Margaret Teaf (the Teafs). The Teafs filed a third revised subdivision plan on August 9, 1967. The plan shows what would become the Bartkowski Property, the Ramondo Property, and a third property owned by the Coulstons (the Coulston Property). (*See* Revised Subdivision Plan, 8/09/67).

On April 19, 1968, the Teafs conveyed what is now the Bartkowski Property to the Herbert C. Mansmann and Margaret M. Mansmann (the Mansmanns); and they built their home in 1969. The Mansmanns and all subsequent owners of the future Bartkowski Property shared a driveway with the Coulstons. The Mansmanns still lived there when the Ramondos moved in. At the time the Ramondos purchased the Property in 1991, it was a vacant wooded lot.

In April 1992, the Ramondos began construction of a home on their Property. They had their neighbors, the Coulstons and the Mansmanns, walk the property to see if they objected to the proposed placement of the driveway, which was partially through the pole of the Bartkowski Property, then owned by the Mansmanns. The Mansmanns said that they did not care because they shared a driveway with the Coulstons on the other side of their property, as all owners of the Bartkowski Property have done since that time. The Mansmanns did not execute and record a formal easement. Subsequently, the Ramondos' driveway (the Driveway) was installed. It "extends approximately halfway up the Bartkowskis' pole before turning back

into the Ramondos' pole and ultimately toward the Ramondos' home." (Trial Ct. Op., at 5 ¶ 30). The Driveway is constructed where it is "because of a stream, flood plain, steep slope and utility pole, all of which were in place when the Ramondos purchased their property." (*Id.* at 5 ¶ 33). The Ramondos have accessed their home via the Driveway since its completion in 1993.

On August 16, 2003, the Mansmanns conveyed the Bartkowski property to F. Ramondo, Inc. (*See* Deed from the Mansmanns to F. Ramondo, Inc., 8/16/03, at unnumbered pages 1-2). Frank Ramondo is president of the corporation, and Kenneth Ramondo, Appellant herein, is vice-president. F. Ramondo, Inc. conveyed the property to the Biancos on May 2, 2007. (*See* Deed from F. Ramondo, Inc. to the Biancos, 5/02/07, at unnumbered page 1). Frank Ramondo was the signatory on the transfer. (*See id.* at unnumbered page 3). The Biancos conveyed the property to the Bartkowskis on December 11, 2012.

When the Bartkowskis purchased their Property, they were aware that the Ramondos used the Driveway to access their home. They also knew that their predecessor owner had used the Coulstons' driveway to access the

Bartkowski Property, and that they had an easement over the Coulston driveway allowing them to use it to access their home.[2]

In the summer of 2013, the Bartkowskis approached the Ramondos about the Driveway's encroachment on their Property. On June 30, 2015, the Bartkowskis' attorney sent the Ramondos a cease and desist letter. Daniel Malloy, the Ramondos' civil engineer, authored a report in which he opined "that due to the amount of regulatory relief and permitting that would be required to overcome Township and [Department of Environmental Protection (DEP)] restrictions . . . construction of a new driveway within the Ramondos' pole is all but impossible [and] the cost . . . is prohibitive." (*Id.* at 9 ¶ 63 (record citation omitted)). The Bartkowskis' civil engineer, Denny L. Howell, P.E., issued a rebuttal report in which he concluded that the engineering and zoning requirements to relocate the Driveway are feasible.[3]

───────────────────────────────

[2] On July 27, 2005, the Coulstons executed an easement granting shared use of their driveway to F. Ramondo, Inc., and its successor and assigns, and recorded the easement on May 22, 2007.

[3] In 2015, the Bartkowskis submitted plans to the Township for renovations to their home, including the installation of a new driveway onto and over the Driveway. Township Engineer Michael Conrad issued a review letter on July 17, 2015, in which he noted that section 119-31 of the Township code requires abutting flag lots to use a common driveway and, therefore, the Bartkowskis would need to submit an easement and maintenance agreement with the Ramondos for construction of a new driveway. In response, the Bartkowskis submitted revised plans on August 27, 2015, which contained general note 10 indicating shared access of a common driveway to be used by the Bartkowskis and the Ramondos. A supplemental review letter dated September 10, 2015 acknowledged the general note 10, and again stated that shared driveway

On July 16, 2015, the Bartkowskis filed an action in ejectment and trespass against the Ramondos, alleging that the Ramondos improperly constructed the driveway on the Bartkowski Property to access their home. On July 31, 2015, the Ramondos filed a counterclaim against the Bartkowskis, alleging that, even if they are not record owners of the disputed area, they have acquired ownership by adverse possession (count I), the doctrine of consentable lines (count II), or have an easement by prescription (count III), necessity (count IV), or implication (count V). The parties agreed to forego a trial, and instead submitted a stipulated record and memoranda of law to the trial court. On September 19, 2016, the court found in favor of the Ramondos on count V, easement by implication, and against them on their other counts. Based on this finding, it found against the Bartkowskis on their action in ejectment and trespass. Both parties filed post-trial motions that the court denied. The Bartkowskis appealed and the Ramondos cross-appealed.[4]

The Bartkowskis raise two questions for the Court's review.

> 1. Whether there was sufficient evidence of record to support an easement by implication, inasmuch as there was not, in fact, a

_____

access would be required to conform with section 119-31 of the Township code.

[4] Pursuant to the trial court's orders, the Bartkowskis and Ramondos filed timely statements of errors complained of on appeal on February 21, 2017. *See* Pa.R.A.P. 1925(b). The court filed an opinion on February 22, 2017, in which it relies on the reasons stated in its January 4, 2017 order denying the parties' post-trial motions and its September 19, 2016 opinion. *See* Pa.R.A.P. 1925(a).

common grantor of the Bartkowski and Ramondo parcels at the time that the Ramondos' trespass over the Bartkowski parcel, *viz.* the Driveway, was installed or at any time thereafter?

2.     Whether there was sufficient evidence of record to support an easement by implication, inasmuch as there was not, in fact, sufficient necessity to support the Ramondos' trespass, *viz.* the Driveway, since the evidence of record demonstrates that the Ramondos have road-access?

(The Bartkowskis' Brief, at 4).

The Ramondos raise two questions for our review.[5]

1.     Whether the [t]rial [c]ourt erred by failing to find an easement by necessity for the use of the [D]riveway on the Bartkowskis' [P]roperty, considering there are no other feasible means for the Ramondos to ingress and egress their [P]roperty[?]

2.     Whether the [t]rial [c]ourt erred by holding there was insufficient evidence to grant title of the [D]riveway to the Ramondos via the doctrine of consentable line[?]

(The Ramondos' Brief, at 2).

In their first issue, the Bartkowskis challenge the sufficiency of the evidence to support a finding of an easement by implication where "[t]here was no common grantor of the Bartkowski and Ramondo parcels at the time the [D]riveway was installed or at any time thereafter." (The Bartkowskis' Brief, at 19; *see id.* at 20-22).

Our standard of review of this issue is well-settled:

---

[5] The Ramondos present three questions in their brief, but the first merely is a counterstatement of the Bartkowskis' first question. Therefore, we have not included it here, and have renumbered the two remaining questions accordingly.

- 7 -

The trial judge, sitting in equity as a chancellor, is the ultimate fact-finder. The scope of review, therefore, is limited. The final decree will not be disturbed unless the chancellor committed an error of law or abused his or her discretion. The findings of fact made by the trial court will not be disturbed unless they are unsupported by competent evidence or are demonstrably capricious.

*Daddona v. Thorpe*, 749 A.2d 475, 480 (Pa. Super. 2000), *appeal denied*,

761 A.2d 550 (Pa. 2000) (citation omitted).

It has long been held in this Commonwealth that although the language of a granting clause does not contain an express reservation of an easement in favor of the grantor, such an interest may be reserved by implication, and this is so notwithstanding that the easement is not essential for the beneficial use of the property. The circumstances which will give rise to an impliedly reserved easement [are]:

[W]here an owner of land subjects part of it to an open, visible, permanent and continuous servitude or easement in favor of another part and then aliens either, the purchaser takes subject to the burden [or] the benefit as the case may be, and this is irrespective of whether or not the easement constituted a necessary right of way.

*Id.* at 480-81 (citations and quotation marks omitted).

In determining whether an easement by implication exists, we apply the

following test:

Three things are regarded as essential to create an easement by implication on the severance of the unity of ownership in an estate; first, a separation of title; second, that, **before the separation takes place**, the use which gives rise to the easement, shall have been so long continued, and so obvious or manifest, as to show that it was meant to be permanent; and third, that the easement shall be necessary to the beneficial enjoyment of the land granted or retained. To these three, another essential element is sometimes added,-that the servitude shall be continuous and self-acting, as distinguished from discontinuous and used only from time to time.

- 8 -

*Id.* at 481 (citations and quotation marks omitted; emphasis added).[6]

In this case, the trial court found that the Teafs had unity of ownership in 1967 when they subdivided their property, creating, *inter alia*, the Ramondo and Bartkowski parcels. The properties were wooded lots at that time, with no driveways installed or intended. (*See* Trial Ct. Op., at 20). The trial court further found:

> The second "severance" occurred after 2003, when the Mansmanns sold [the Bartkowski] [P]roperty to the Ramondo family and the deed was recorded in the name of F. Ramondo, Inc.[] [Appellant] Kenneth Ramondo testified that he serves as the Vice President of F. Ramondo, Inc.[] During the time the Ramondo family owned the Ramondo Property and later the Bartkowski Property, the [D]riveway had been in existence for over twelve (12) years. The Ramondos then continued to use, and allowed the use, of the driveway for the next four (4) years. The Ramondo family later severed the property by selling the Bartkowski Property to the Biancos in 2007. It was at this time that severance of title from a common grantor occurred and an easement by implication arose.

(*Id.* at 20-21).

---

[6] Although there was conflicting case law on the test for an easement by implication prior to 2000, in **Daddona**, this Court expressly held that, based on the Pennsylvania Supreme Court's holding in **Bucciarelli v. DeLisa**, 691 A.2d 446 (Pa. 1997), "any such conflict found within the case law in this area no longer exists[,]" and the traditional test for easement by implication is to be used, although the factors of the Restatement of Property § 476 may be considered. **Daddona**, *supra* at 485; *see also* **Gurecka v. Carroll**, 155 A.3d 1071, 1077 n.1 (Pa. Super. 2017) (*en banc*), *appeal denied*, 2017 WL 3128883 (Pa. filed July 24, 2017). We note that, here, based on our disposition, we could not even reach the factors set forth in section 476 where the Driveway did not exist "[w]hen land in one ownership [was] divided into separately owned parts by a conveyance[.]" Restatement of Property § 474.

While we agree that there was a unity of ownership by the Teafs when they subdivided their property and created the Bartkowski and Ramondo Properties in 1967, we are constrained to disagree with the trial court's finding that there was a second severance when F. Ramondo, Inc. sold the Bartkowski Property to the Biancos.

It is well-settled that "[a] corporation is a separate, fictional legal person distinct from its shareholders or employees." *Missett v. Hub Intern. Pennsylvania, LLC*, 6 A.3d 530, 535 (Pa. Super. 2010) (citation omitted). This is so, "irrespective of . . . the persons who own its stock." *Id.* (citation omitted).

In this case, although Appellant Kenneth Ramondo is the vice-president of F. Ramondo, Inc., he and the corporation are separate entities. *See id.* The August 16, 2003 deed from the Mansmanns identifies only F. Ramondo, Inc. as the grantee, and the deed to the Biancos identifies the corporation as grantor, and is signed by Frank Ramondo. In other words, F. Ramondo, Inc. owned and then sold the Bartkowski Property and Kenneth and Therese-Cecilia Ramondo held title to the separate, previously-severed Ramondo Property. *See id.* Accordingly, we are constrained to conclude that the trial court erred when it found that one entity held both properties in unity and then severed them to sell one of the parcels. Based on the title history of the two properties, the last time they were held in unity was in 1967 when they were part of the Teafs' parcel, which did not contain the Driveway.

Therefore, the second prong of the test for an easement by implication is not met where, "**before the separation [took] place**, the use which gives rise to the easement, [was not] so long continued, and so obvious or manifest, as to show that it was meant to be permanent[.]" ***Daddona***, ***supra*** at 481 (citation omitted; emphasis added). Hence, we are constrained to conclude that the trial court committed an error of law when it found that the Ramondos established an easement by implication. ***See id.*** at 480.[7]

We now turn to the Ramondos' issues. In their first claim, they maintain that "the trial court erred by failing to find an easement by necessity because the Ramondo Driveway is the only access point from [their] home to the public roadway, and moving the Driveway to the Ramondo Property is not feasible." (The Ramondos' Brief, at 10 (unnecessary capitalization omitted); ***see id.*** at 11-14). We disagree.

> The three fundamental requirements for an easement by necessity to arise are the following:
>
> 1) The titles to the alleged dominant and servient properties must have been held by one person[;]
>
> 2) This unity of title must have been severed by a conveyance of one of the tracts[;]
>
> 3) The easement must be necessary in order for the owner of the dominant tenement to use his land, **with the necessity**

---

[7] Because we conclude that the second prong of the test for an easement by implication was not met, we need not reach the Bartkowskis' second argument, in which they maintain that the trial court erred in finding that the Driveway met the necessity prong of the implied easement analysis. (***See*** The Bartkowskis' Brief, at 22-26).

- 11 -

**existing both at the time of the severance of title and at the time of the exercise of the easement.**

An easement by necessity is always of strict necessity.  **An easement by necessity never exists as a mere matter of convenience.** . . .

*Youst v. Keck's Food Service, Inc.*, 94 A.3d 1057, 1075 (Pa. Super. 2014)

(citations omitted; emphases added).

In this case, the trial court found:

. . . [T]he [P]roperty owned by the Ramondos is not landlocked. Although the creation of a new driveway or access point for the Ramondos may be inconvenient and costly for them, the [P]roperty does not fit the requirement of strict necessity that must be present for a finding of an easement by necessity. Furthermore, although the Ramondos believe that approval from the Township to relocate the [D]riveway may be difficult, the evidence did not demonstrate impossibility and thus necessity.

(Trial Ct. Op., at 18).

We agree with the analysis of the trial court.[8]  Mr. Malloy, the Ramondos' civil engineer, opined that construction of a driveway on the Ramondo Property would be costly and "all but impossible," but not that it could not be done.  (Trial Ct. Op., at 9 ¶ 63).  Mr. Howell, the Bartkowskis' civil engineer, concluded that the construction of the driveway is feasible, and that it would cost approximately $75,000.00.

_____

[8] We also observe that, as discussed in detail when addressing the Bartkowskis' first issue, at the time that the Teafs severed their property into the Ramondo and Bartkowski Properties, the land was wooded and undeveloped.  Therefore, the necessity for the Driveway did not exist at the time of severance.  **See Youst**, **supra** at 1075.

Hence, because a new driveway is possible, even if difficult and expensive, the trial court properly denied the Ramondos' claim for an easement by necessity. *See Youst*, *supra* at 1075 (citations omitted); *Daddona*, *supra* at 480. The Ramondos' first issue lacks merit.

In their second challenge, the Ramondos argue that the trial court erred by failing to grant them title to the Driveway pursuant to the doctrine of consentable line and acquiescence where they "claimed and occupied the land on their side of the Driveway's edge as their own . . . for over twenty-one years." (The Ramondos' Brief, at 14 (unnecessary capitalization omitted); *see id.* at 15-17). We disagree.

> The establishment of a boundary line by acquiescence for the statutory period of twenty-one years has long been recognized in Pennsylvania. Two elements are prerequisites: 1) each party must have claimed and occupied the land on his side of the line as his own; and 2) such occupation must have continued for the statutory period of twenty-one years. As recognized by the Superior Court and the common pleas court, the doctrine functions as a rule of repose to quiet title and discourage vexatious litigation.
>
> Although the elements are simply stated, courts have had difficulty tracing the theoretical underpinnings of the acquiescence precept. In Pennsylvania, courts frequently have distinguished the doctrine from adverse possession, and in recent cases have categorized it, under the umbrella of "consentable boundaries," with a separate theory premised on dispute and compromise. An examination of the decisional law demonstrates, however, that the doctrinal roots of acquiescence are grounded in adverse possession theory; indeed, occupancy with open manifestations of ownership throughout the statutory period will generally satisfy the traditional elements of adverse possession. Decisions involving acquiescence are frequently distinguishable from adverse possession cases only in that **possession in the former**

**are often based on a mistake as to the location of property lines**.

*Zeglin v. Gahagen*, 812 A.2d 558, 561-62 (Pa. 2002) (citations and footnotes omitted; emphasis added).  "The question of where a boundary line actually is located is a question for the trier of fact.  Where, as here, the trial court sat as the fact-finder, we will not reverse on appeal unless the court's findings are not supported by credible evidence."  *Schimp v. Allaman*, 659 A.2d 1032, 1034 (Pa. Super. 1995) (citations omitted).

Here, the trial court found:

> The unique facts in this case make it distinguishable from the traditional "boundary" cases.  There has been no evidence offered sufficient to prove that the Ramondo Driveway acted as the boundary for the properties in dispute here–the Ramondos and Bartkowskis.  It is not the traditional case of two adjacent landowners mistakenly marking the boundary between their properties.  Here, the visually adjacent landowners to the Ramondos are the Coulstons, not the Bartkowskis.  The creation of the Ramondo Driveway was not intended to mark a boundary or serve as one; it simply runs through a "pole."  The Ramondo Driveway is not alongside a boundary line, but within one.
>
> The evidence demonstrated that when Mr. Ramondo built the [D]riveway he was not marking a boundary line or building along what he thought was a boundary line.  Rather, he simply sought a convenient location to place his [D]riveway, which would thereafter serve as his right of way.  Although the Ramondo Driveway now encroaches within a "pole" that does not belong to him, it does not mark a boundary line with the Bartkowskis.  Rather, it acts as an entrance within the Bartkowski Property.
>
> Finally, although Mr. Ramondo demonstrated that he cares for the driveway, he does not do so to the exclusion of others or with a claim to ownership of the land.  He does so with the belief that [] he had the permission of those he needed to ask first.

(Trial Ct. Op., at 15-16).

- 14 -

We discern no abuse of discretion in the trial court's analysis. Accordingly, we conclude that the credible evidence supports its finding that the Driveway did not serve as a boundary line, and it properly denied the Ramondos' action for title of the Driveway pursuant to acquiescence or the doctrine of consentable lines. *See Zeglin*, *supra* at 562; *Daddona*, *supra* at 480; *Schimp*, *supra* at 1034.

Based on the foregoing analysis, we vacate the trial court's judgment to the extent it found that the Ramondos established an easement by implication, and remand for consideration of the Bartkowskis' claims for ejectment and trespass. We affirm in all other respects.

Judgment vacated in part and affirmed in part. Case remanded. Jurisdiction relinquished.

Judge Lazarus joins the Memorandum.

Judge Bowes files a Concurring and Dissenting Memorandum.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>1/22/18</u>

- 15 -