J-S45038-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| BARBARA J. SAVASTA, AN ADULT INDIVIDUAL | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ZANE R. PROCTOR, | |
| Appellant | No. 1978 WDA 2015 |

Appeal from the Order November 16, 2015
in the Court of Common Pleas of Westmoreland County
Civil Division at No.: 5516 of 2014

BEFORE:  OLSON, J., DUBOW, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED AUGUST 17, 2016**

Appellant, Zane R. Proctor, appeals from the trial court's November 16, 2015 order issuing a permanent injunction in favor of Appellee, Barbara J. Savasta.[1]  Specifically, he contends that the trial court erred in concluding

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] This is an interlocutory appeal pursuant to Pennsylvania Rule of Appellate Procedure 311(a)(4) which permits immediate appeal for "[a]n order that grants or denies, modifies or refuses to modify, continues or refuses to continue, or dissolves or refuses to dissolve an injunction[.]" Pa.R.A.P. 311(a)(4); **see Pennsylvania Orthopaedic Soc. v. Indep. Blue Cross**, 885 A.2d 542, 547 (Pa. Super. 2005), appeal denied, 895 A.2d 1262 (Pa. 2006) ("An order which grants a request to enjoin certain conduct, . . . is an interlocutory matter specifically authorized for appeal as of right by Rule 311(a)(4).").

that an implied easement exists, permitting Appellee to use a gravel drive to access her property. We affirm.

We take the factual and procedural history in this matter from the trial court's order and opinion of November 16, 2015 and our independent review of the certified record.

The parties to this case, in addition to being neighbors, are brother and sister. [Appellee] currently resides at 108 Yuma Lane, New Stanton, Pennsylvania, and has lived at said address since she acquired ownership of the property from her parents, Mr. and Mrs. Eugene Proctor, on October 17, 2006. Said property consists of Parcel B and Parcel E in the Proctor-Lazer Sub-division Plan. Eight years later, [Appellant] similarly acquired land, consisting of Parcel A in the same Sub-division Plan from his father, Eugene Proctor, on August 8, 2014. The Proctor-Lazar Sub-division Plan ([]Sub-division Plan[]) was approved and recorded in the Office of the Recorder of Deeds in Westmoreland County on July 12, 2006. At issue in this case is the use of a right-of-way utilized by [Appellee] to access her 9.93-acre lot, identified as Parcel E in the [Sub-division Plan] in Hempfield Township, which contains her residence. [Appellee] identified said right-of-way on the recorded Sub-division Plan as a gravel driveway that extends from Hautintaught Road, through [Appellant's] Parcel A, and eventually leads to her property on Parcel E. [Appellee] constructed a home on Parcel E in 2006, where she currently resides with her father and son. She testified that since 2007, she has continuously used the existing gravel right-of-way, which is identified on the existing Sub-division Plan as "Exist. Gravel Drive," as her sole means to access her property from Hautintaught Road.

[Appellee] testified that since her brother, [Appellant], acquired ownership of Parcel A, he has obstructed her use of the right-of-way by placing barriers on said right-of-way and putting in "speed bumps." Additionally, [Appellee] testified that she had blacktop placed on her driveway and a portion of the right-of-way, which portion [Appellant] allegedly damaged with his skid loader. [Appellee] testified that when she acquired Parcel E, upon which her residence is located, she also acquired Parcel B in order to have frontage on Browntown Road so that her

property could never be considered landlocked, and so that she had the option to construct a driveway in case she needed to at some point. She further testified that she has not yet constructed a driveway on Parcel B because she began construction[,] but could not afford to complete it.

[Appellant] testified that the right-of-way which [Appellee] described, and which is present on the Sub-division [P]lan, is a gas well right-of-way only. [Appellant] indicated that the reason he put "speed bumps," by constructing "dips," on the right-of-way was in order to make [Appellee's] son slow down when he was driving along the right-of-way. He further acknowledged that when he acquired ownership to his property he knew of the existence of the plan and that parcels C, E and F were encumbered by the right-of-way.

Witness for [Appellant], Michael Follandor, President of Ark Resources, LP, testified that in 2002 he signed an oil and gas lease with Eugene Proctor, father to the parties to this action, in order to acquire the mineral rights to his land. In order to get to the well sites, Mr. Follandor testified that he had an agreement that his company would use the existing driveway past Eugene Proctor's house, which turned into the gravel road, and followed said road to the first well they drilled. He further testified that when [Appellee] constructed her residence, she built an extension off of the existing gravel road in order to reach her dwelling.

Witness for [Appellant], Leonard Dellera, Chief of Planning and Zoning for Hempfield Township, also testified at the Evidentiary Hearing. Prior to his current position, Mr. Dellera was the Zoning Officer and Building Inspector in Hempfield Township, and he held said position when the Sub-division Plan at issue was approved in 2006. He testified that it is a zoning requirement that each lot have access to a public roadway, and, as Browntown Road is a public roadway, and Hautintaught Road is not, [Appellee] was required to purchase Lot B in order to own Lot E, so that she would have frontage on a public road.

(Trial Court Opinion, 11/16/15, at 2-4) (record citations omitted).

On November 5, 2014, Appellee filed a complaint and request for a preliminary and permanent injunction. On that same day, the court issued a

preliminary injunction ordering Appellant to cease blocking Appellant's access to her home via the existing right-of-way. On November 10, 2014, the court conducted an evidentiary hearing on Appellee's request for a permanent injunction. After the hearing, the court issued an order providing that the preliminary injunction remain in effect and directing, among other things, Appellant to remove blocks and fill in dips from the right-of-way and cease obstructing Appellee's access. (**See** Order, 11/13/14, at 1-2). The court scheduled another evidentiary hearing for February 26, 2015.

After a continuation of the February 26, 2015 hearing, because of settlement discussions between the parties, the court conducted a second evidentiary hearing on July 29, 2015, during which Appellant and Appellee testified, as well as Appellant's witnesses, Mr. Fallador and Mr. Dellera. The court issued its order and opinion on November 16, 2015, concluding that an implied easement existed for Appellee to access her property via the gravel drive, and granting a permanent injunction in favor of Appellee. This timely appeal followed.[2]

_____

[2] Appellant filed his notice of appeal on December 7, 2015. The trial court did not order Appellant to file a concise statement of matters complained of on appeal. It filed an order on December 22, 2015, referring to its order and opinion entered November 16, 2015 to support its reasons. **See** Pa.R.A.P. 1925.

Appellant raises one issue on appeal: "Whether the trial court erred in granting a permanent injunction to Appellee on the basis of an implied easement?" (Appellant's Brief, at 4) (most capitalization omitted).

Our standard of review of a trial court granting a permanent injunction is well settled. "[W]hen reviewing the grant or denial of a final or permanent injunction, an appellate court's review is limited to determining whether the trial court committed an error of law." *Buffalo Twp. v. Jones*, 813 A.2d 659, 663-64 (Pa. 2002), *cert. denied*, 540 U.S. 821 (2003) (footnote omitted).

> Ultimately, the grant or denial of a permanent injunction will turn on whether the [trial] court properly found that the party seeking the injunction established a clear right to relief as a matter of law. This inquiry involves a legal determination by the [trial] court. Accordingly, we think it proper that appellate review in these cases is whether the lower court committed an error of law in granting or denying the permanent injunction. Our standard of review for a question of law is *de novo*. Our scope of review is plenary.

*Id.* at 664 n.4 (citations omitted).

> An easement by implication can be found to exist where the intent of the parties is demonstrated by the terms of the grant, the property's surroundings and any other *res gestae* of the transaction. Two different tests have been utilized in this Commonwealth to determine whether an easement has been created by implication: the traditional test and the Restatement of Property test. The Pennsylvania Supreme Court defined the traditional test as follows:
>
> * * *
>
> [W]here an owner of land subjects part of it to an open, visible, permanent and continuous servitude or easement in favor of another part and then aliens either, the purchaser takes subject to the burden or the benefit as the

- 5 -

case may be, and this irrespective of whether or not the easement constituted a necessary right of way.

Our Supreme Court further stated:

> Easements by implied reservation . . . are based on the theory that continuous use of a permanent right-of-way gives rise to the implication that the parties intended that such use would continue, notwithstanding the absence of necessity for the use.

**Phillippi v. Knotter**, 748 A.2d 757, 761-62 (Pa. Super. 2000), *appeal denied*, 760 A.2d 855 (Pa. 2000) (citations and quotation marks omitted). In determining whether implied easements exist, our Court has drawn an inference that, upon severance of possession with a known prior use, the parties would intend that use to continue. **See Bucciarelli v. DeLisa**, 691 A.2d 446, 448 (Pa. 1997).

> Each party to a conveyance is bound not merely to what he intended, but also to what he might reasonably have foreseen the other party to the conveyance expected. Parties to a conveyance may, therefore, be assumed to intend the continuance of uses known to them which are in considerable degree necessary to the continued usefulness of the land. Also they will be assumed to know and to contemplate the continuance of reasonably necessary uses which have so altered the premises as to make them apparent upon reasonably prudent investigation.

**Id.** (quoting Restatement of Property, § 476).

Here, after an evidentiary hearing on Appellee's request for a permanent injunction, the trial court found:

> [I]t is apparent to this [c]ourt that the original grantors in the present matter, Mr. and Mrs. Eugene Proctor, intended for the [fifteen]-foot gravel road to be used as an easement for access to [Appellee's] Parcel E, as said road appears on their recorded Sub-division [P]lan, and as said grantors, owners of the servient property at that time, allowed [Appellee] to use the gravel road

- 6 -

to access her land after said land was conveyed to her in 2006. Accordingly, [Appellee's] use of the gravel road has been open, visible, permanent, and continuous since she acquired her property in 2006. The pictures admitted as exhibits by [the trial c]ourt show that there is a clearly defined visible road on [Appellant's] property leading to [Appellee's] property. The Sub-division Plan shows that, at this time, said road is the only way to access [Appellee's] land, and the testimony reflects that [Appellee] has been accessing her property regularly by way of said easement since her purchase in 2006. Additionally, Leonard Dellera, the Chief of Planning and Zoning for Hempfield Township at the time the Sub-division Plan was approved, testified that even though [Appellee] was required to purchase Parcel B to have frontage on Browntown Road, she was not required to put a driveway on said Parcel, as it was required for purposes of frontage, rather than for access to Parcel E.

(Trial Ct. Op., at 7-8) (record citation omitted).

Upon review of the certified record, we conclude that Appellee established a clear right to an implied easement permitting her to continue using the existing gravel drive to access her property as a matter of law. *See Buffalo Twp.*, *supra* at 664 n.4. Testimony at the permanent injunction hearing established that, prior to conveying Parcel E to Appellee, Mr. and Mrs. Proctor owned both Parcel E and Parcel F, and the existing gravel drive shown on the Sub-division Plan was used to access Parcel E. (*See* N.T. Hearing, 11/10/14, at 12, 37; N.T. Hearing, 7/29/15, at 125). Furthermore, when Appellant purchased Parcel F, he was aware that it was encumbered by an easement right-of-way, and Appellee continued to use the existing gravel drive, in an open and visible manner, to access her land. (*See* N.T. Hearing, 11/10/14, at 41-43; N.T. Hearing, 7/29/15, at 71-72). In addition, Appellant conceded that, when he lived with Appellee at her

home on Parcel E for a couple of weeks prior to purchasing his property, he himself used the existing gravel drive to access Parcel E. (*See* N.T. Hearing, 11/10/14, at 42-43, 45).

Accordingly, we conclude that Appellee has established that, under the traditional test, an easement by implication existed when Appellant purchased his property, and that pursuant to the easement she is entitled to continuance of her reasonably necessary use of the gravel drive to access Parcel E. *See Bucciarelli*, *supra* at 448; *Phillippi*, *supra* at 761-62. Thus, the court did not err in granting a permanent injunction in Appellee's favor on the basis of such implied easement. *See Buffalo Twp.*, *supra* at 663-64. Appellant's issue does not merit relief.

Order affirmed.

Judge Dubow joins the Memorandum.

Judge Olson files a Dissenting Memorandum.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/17/2016

- 8 -