J-A06030-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| ENCORE FUND TRUST 2013-1 | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WILLIAM I. CRIBBS AND SHERIFF OF | : | |
| JEFFERSON COUNTY | : | |
| | : | No. 1420 WDA 2017 |
| | : | |
| APPEAL OF: WILLIAM I. CRIBBS | : | |

Appeal from the Order Entered September 5, 2017
In the Court of Common Pleas of Jefferson County Civil Division at No(s):
A.D. No. 339-2015-CD

BEFORE:   BENDER, P.J.E., SHOGAN, J., and STRASSBURGER*, J.

MEMORANDUM BY SHOGAN, J.:                    FILED MAY 18, 2018

Appellant, William I. Cribbs ("Cribbs"), appeals from the order entered on September 5, 2017, that granted summary judgment in favor of Appellee, Encore Fund Trust 2013-1 ("Encore"). The order, among other things, granted Encore an easement by implication over property owned by Cribbs. After review, we affirm in part, reverse in part, and remand for further proceedings.

The facts of this case, as gleaned from the certified record, reveal that in deeds recorded in August of 1974 and November of 1987, Cribbs obtained title to two adjoining parcels of property. These two parcels constitute the dominant tenement. In 1991, Cribbs built a house on the dominant tenement. Cribbs accessed the dominant tenement by using a dirt road over

_____
*   Retired Senior Judge assigned to the Superior Court.

a parcel of property he did not initially own ("the servient tenement"). The dirt road began at the public road, crossed a portion of the servient tenement, and terminated at the house on the dominant tenement. Cribbs subsequently obtained title to the servient tenement in 1994. While in possession of both the servient and dominant tenements, Cribbs improved the dirt road by converting it into a paved driveway leading from the house on the dominant tenement, over the servient property, and ending at the public road. Cribbs and his house guests accessed the dominant tenement via this thoroughfare during his possession of the dominant tenement.

In 2010, a mortgage foreclosure action was commenced against Cribbs related to the dominant tenement. Following the foreclosure action, Encore purchased the dominant tenement at a sheriff's sale on October 25, 2013. On April 29, 2015, Encore initiated the underlying action to quiet title and for declaratory judgment. Encore initiated this action after Cribbs placed a barricade across the driveway on the servient tenement, thereby preventing access to the dominant tenement.

On October 13, 2015, Encore filed a motion for summary judgment. The trial court denied this motion on January 7, 2016, and the parties continued with discovery. On September 5, 2017, the trial court granted Encore's second motion for summary judgment. Cribbs filed a timely motion for reconsideration that was denied, and Cribbs then filed a timely appeal. Both Cribbs and the trial court complied with Pa.R.A.P. 1925.

Before we reach the merits of Cribbs's appeal, we must first address a jurisdictional issue. The Sheriff of Jefferson County is listed in the caption in this appeal, but the sheriff was named "solely because [Encore] request[ed] … judicial reformation of a Sheriff's Deed." Complaint, 4/29/15, at ¶ 6 (emphasis added). Generally, appeals involving government agencies fall under the jurisdiction of the Commonwealth Court. 42 Pa.C.S. § 762. On October 16, 2017, this Court issued a rule to show cause upon Cribbs why this appeal should not be transferred to the Commonwealth Court. Cribbs responded on October 17, 2017, noting that the Sheriff of Jefferson County did not participate in the proceedings but that Cribbs would consent to transferring the case to Commonwealth Court. On October 30, 2017, this Court discharged the rule.

After review, we conclude that transferring this case to the Commonwealth Court is not required. Under the circumstances presented, after delivery of the sheriff's deed, the sheriff had no interest or involvement in the matter; judicial reformation of the sheriff's deed required no action on behalf of the sheriff. See Pa.R.C.P. 3135(b) (stating that if the sheriff has executed a defective deed, including the erroneous description of the real estate, the court may correct the deed upon petition of the purchaser). As such, we are satisfied that the Sheriff of Jefferson County was never a proper party to the underlying action as it was the duty of the trial court to reform the sheriff's deed; nevertheless, the order at issue is final as to all

parties,[1] and jurisdiction is properly vested in the Superior Court. 42 Pa.C.S. § 742.

On appeal, Cribbs raises the following issues for this Court's consideration:

> I. Did the Lower Court err in finding that [Cribbs] used the Existing Driveway before [Cribbs] constructed said Existing Driveway?
>
> II. Did the Lower Court err in finding that an easement by implication was created during a period when it was both a factual and legal impossibility for [Cribbs] to hold and/or create an easement over his own land?
>
> III. Did the Lower Court err in Ordering a utility easement without a sufficient factual basis?

Cribbs's Brief at 8.[2]

Our standard of review of an order granting summary judgment is well settled:

> [O]ur scope of review of a trial court's order granting or denying summary judgment is plenary, and our standard of review is clear: the trial court's order will be reversed only where it is established that the court committed an error of law or abused its discretion.
>
> Summary judgment is appropriate only when the record clearly shows that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. The reviewing court must view the record in the light most favorable

_____

[1] The trial court granted Encore's motion to reform the sheriff's deed and disposed of any interest the Sheriff of Jefferson County may have had. Order, 9/5/17, at ¶ 6.

[2] We have renumbered Cribbs's issues for purposes of our disposition.

to the nonmoving party and resolve all doubts as to the existence of a genuine issue of material fact against the moving party. Only when the facts are so clear that reasonable minds could not differ can a trial court properly enter summary judgment.

Village of Four Seasons Ass'n, Inc. v. Elk Mountain Ski Resort, Inc., 103 A.3d 814, 819 (Pa. Super. 2014) (internal brackets and citations omitted).

Cribbs's first two issues challenge the trial court's conclusion that an easement by implication was created over the servient tenement.

> In deciding whether an easement has been created by implication, the Pennsylvania courts have used two different tests, the traditional test and the Restatement test.
>
> The traditional test has been described as follows: "Three things are regarded as essential to create an easement by implication on the severance of the unity of ownership in an estate; first, a separation of title; second, that, before the separation takes place, the use which gives rise to the easement, shall have been so long continued, and so obvious or manifest, as to show that it was meant to be permanent; and third, that the easement shall be necessary to the beneficial enjoyment of the land granted or retained. To these three, another essential element is sometimes added,—that the servitude shall be continuous and self-acting, as distinguished from discontinuous and used only from time to time."
>
> Becker v. Rittenhouse, 297 Pa. 317 at 345, 147 A. 51 at 53. See also DePietro v. Triano, 167 Pa.Super. 29, 31-32, 74 A.2d 710-11 (1950).
>
> The view expressed in the RESTATEMENT OF PROPERTY § 474 … and expressly adopted in Pennsylvania in Thomas v. Deliere, 241 Pa.Super. 1, 359 A.2d 398 (1976), "emphasizes a balancing

> approach, designed to ascertain the actual or implied intention of the parties. No single factor under the Restatement approach is dispositive. Thus, the Restatement approach and the more restrictive tests … co-exist in Pennsylvania." Id. at 5 n.2, 359 A.2d at 400 n.2. See also Lerner v. Poulos, 412 Pa. 388, 194 A.2d 874 (1963); Schwoyer v. Smith, 388 Pa. 637, 131 A.2d 385 (1957); Spaeder v. Tabak, 170 Pa.Super. 392, 85 A.2d 654 (1952).

Daddona v. Thorpe, 749 A.2d 475, 481-482 (Pa. Super. 2000) (quoting Mann-Hoff v. Boyer, 604 A.2d 703, 706-707 (Pa. Super. 1992)) (internal brackets omitted).

Moreover:

> [t]he effect of the prior use as a circumstance in implying, upon a severance of possession by conveyance, an easement results from an inference as to the intention of the parties. To draw such an inference the prior use must have been known to the parties at the time of the conveyance, or, at least, have been within the possibility of their knowledge at that time. Each party to a conveyance is bound not merely to what he intended, but also to what he might reasonably have foreseen the other party to the conveyance expected. Parties to a conveyance may, therefore, be assumed to intend the continuance of uses known to them which are in considerable degree necessary to the continued usefulness of the land. Also they will be assumed to know and to contemplate the continuance of reasonably necessary uses which have so altered the premises as to make them apparent upon reasonably prudent investigation…. Restatement of Property, § 476, Comment j.

Bucciarelli v. DeLisa, 691 A.2d 446, 448 (Pa. 1997).

In the case at bar, the trial court relied on Bucciarelli in concluding that an easement by implication existed. Trial Court Opinion, 9/5/17, at 1-2. In Bucciarelli, Maxine Keene ("Mrs. Keene") conveyed a twenty-acre parcel of lakefront property to her son, Raymond Keene ("Raymond").

Bucciarelli, 691 A.2d at 447. Mrs. Keene retained ownership of a separate property on the lake, and she subdivided this property into four lots. There was a cottage on each of these four lots, and Mrs. Keene rented-out these cottages. In 1987, Mrs. Keene, with Raymond's assistance, submitted a subdivision plan to the Susquehanna County Planning Commission. This plan indicated that access to the four cottage lots would be by the existing "cottage road" that traversed the twenty-acre tract which Mrs. Keene had conveyed to Raymond. Susquehanna County approved the plan, and Mrs. Keene subsequently sold the four cottage lots to Mr. and Mrs. Bucciarelli, Mr. and Mrs. VanCleaf, Mr. and Mrs. Phillips, and Mr. and Mrs. Slack, respectively (collectively "the cottage owners").

In 1988, Raymond sold his twenty-acre parcel to Al DeLisa ("Mr. DeLisa"). Bucciarelli, 691 A.2d at 447. The Court noted that for ten years before he purchased Raymond's land, Mr. DeLisa lived across the lake from the four cottage lots and the cottage road. The property that Raymond conveyed to Mr. DeLisa had upon it an access road that intersected the cottage road. Neither Mrs. Keene's deed to Raymond nor Raymond's deed to Mr. DeLisa indicated that an easement over the access road was reserved. After Mr. DeLisa purchased Raymond's property, Mr. DeLisa blocked the intersection with the cottage road preventing the cottage owners' access to the cottage properties.

The cottage owners filed suit to enjoin Mr. DeLisa from obstructing the cottage road, and the trial court concluded that an implied easement existed where the cottage road crossed the access road. Bucciarelli, 691 A.2d at 447. Mr. DeLisa appealed, and on appeal, this Court concluded that the evidence was insufficient to establish an implied easement. Id.

The Supreme Court of Pennsylvania granted review, and the Court examined the evidence to determine the grantor's (Mrs. Keene) intent, the visibility and permanence of that portion of Mr. DeLisa's property that was in servitude and alleged to be an easement, whether the usage of the cottage road over Mr. DeLisa's access road was continuous, and whether Mr. DeLisa, the owner of the servient tenement, had notice. Bucciarelli, 691 A.2d at 449-450. The Supreme Court concluded that there was a clear intent for the cottage owners to continue using the alleged easement, and this intent was established by the building of the four cottages for which the cottage road was the only means of access. Id. at 449. The Bucciarelli Court also found that this cottage road had existed for at least twenty years, it was visible to Mr. DeLisa, it had been used for years, and Mr. DeLisa had notice of the cottage owners' use of the cottage road. Id. Accordingly, the Supreme Court found an easement by implication, and it reversed the Superior Court. Id. at 450.

Here, Cribbs argues that Bucciarelli is distinguishable. Cribbs's Brief at 13.[3] Cribbs argues that "[t]he Bucciarelli Court through the record was able to ascertain the intent of both [Mrs. Keene] along with [Raymond's] intent at severance." Id. at 14. But here, Cribbs avers his intent was unknown. Id. Cribbs argues:

> Unlike the Bucciarelli Court there is no record of what [Cribbs] intended at the time of involuntary severance. Instead, the Lower Court merely speculates that [Cribbs] should have "foreseen" that transfer of either parcel would be made with [the] "expectation" that the subject Exisiting driveway [would] continue to be used for access to the would be Dominant tenement.

Id.

_____

[3] Cribbs briefly mentions, but fails to develop, an argument regarding merger of title. Cribbs states that he "was incapable of having an easement over his own land." Cribbs's Brief at 14. While this statement of law may be correct generally, it provides no relief. It is well settled that an easement may be revived after the tenements are severed. See Schwoyer v. Smith, 131 A.2d 385, 387 (Pa. 1957) (stating that an easement may be extinguished when title to the dominant and servient lands comes into the hands of the same person, i.e., no one can have an easement in his own land; however, an easement may be revived upon separation of those estates.). Stated differently, it is undisputed that Cribbs used the servient tenement to access the dominant tenement before he owned the servient tenement. Arguably, Cribbs established an easement prior to his ownership of the servient tenement, and this easement was revived upon the sale of the dominant tenement. Id. However, as Cribbs provides no cogent argument on this issue, we need not address it further, and we deem it waived. Pa.R.A.P. 2119; see also Umbelina v. Adams, 34 A.3d 151, 161 (Pa. Super. 2011) ("Where an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived.") (citation omitted).

We conclude that Cribbs's attempt to distinguish Bucciarelli and challenge the trial court's finding of an easement by implication is unavailing. The Supreme Court clearly stated:

> Where an owner of land subjects part of it to an open, visible, permanent and continuous servitude or easement in favor of another part and then aliens either, the purchaser takes subject to the burden or the benefit as the case may be, and this irrespective of whether or not the easement constituted a necessary right of way.

Bucciarelli, 691 A.2d at 449. Here, the trial court concluded that Encore took the property with the implied reservation that the right-of-way over the obvious, openly and continuously used driveway would continue. Trial Court Opinion, 9/5/17, at 1-2. We agree.

As noted, the factors to consider in determining the existence of an implied easement are a separation of title, continued use of the easement that is so obvious or manifest that it is meant to be permanent, and that the easement is necessary to the beneficial enjoyment of the land. Daddona, 749 A.2d at 481. Additionally, the factors enumerated in Section 476 of the Restatement are to be weighed and balanced. Id. Those factors include:

(a) whether the claimant is the conveyor or the conveyee,

(b) the terms of the conveyance,

(c) the consideration given for it,

(d) whether the claim is made against a simultaneous conveyee,

(e) the extent of necessity of the easement to the claimant,

(f) whether reciprocal benefits result to the conveyor and the conveyee,

(g) the manner in which the land was used prior to its conveyance, and

(h) the extent to which the manner of prior use was or might have been known to the parties.

Restatement (First) of Property § 476 (1944).[4]

The trial court found that Cribbs used the dirt road over the servient tenement to access the dominant tenement even before he owned the servient tenement. Trial Court Opinion, 9/5/17, at 1. "[T]here is no question … that [the dirt road/driveway] was used continuously. Nor is there any question that it was permanent—a condition that Cribbs created when he made the aforementioned improvements." Id. at 2.

Cribbs claims that he "could not have used a driveway that did not exist prior to [his] construction of the same." Cribbs's Brief at 13. Cribbs's argument is one of semantics. Although Cribbs is correct that he could not have used the driveway, it is undisputed that he used the dirt road, which was later paved and became the driveway. This argument is specious because, regardless of the label, Cribbs consistently used the dirt road/driveway portion of the servient property.

_____

[4] We reiterate that no single factor under the Restatement approach is dispositive. Daddona, 749 A.2d at 482.

Once Cribbs owned the servient tenement, he continued to use the dirt road to access the dominant tenement. Moroever, Cribbs's intent was clear: he paved the dirt road and used the driveway as the sole access to, what is now, the dominant tenement. While Cribbs possessed both tenements, he subjected part of the servient tenement, the driveway, to servitude; thus, at the time of severance, Encore, the purchaser of the dominant tenement, obtained an implied easement in the driveway which sits on the servient tenement. Bucciarelli, 691 A.2d at 449. "Easements by implied reservation … are based on the theory that continuous use of a permanent right-of-way gives rise to the implication that the parties intended that such use would continue, notwithstanding the absence of necessity for the use." Id. (citation omitted).

Accordingly, we discern no error of law or abuse of discretion in the trial court's findings. Encore had an easement by implication, and the trial court correctly granted Encore's motion for summary judgment with respect to the implied easement allowing ingress and egress.

Finally, we turn to Cribbs's third issue. Separate from the easement by implication over the driveway for ingress and egress, Cribbs argues that the trial court erred in granting summary judgment and finding that an easement for utilities was created. Cribbs's Brief at 11. We are constrained to agree with Cribbs.

Encore first responds that this issue was not preserved in the trial court, and therefore, it is waived. Encore's Brief at 7. However, Encore raised a boilerplate claim for an easement for utilities in its complaint. Complaint, 4/29/15, at 10. Cribbs denied this claim in his answer. Answer, 5/21/15, at ¶¶ 37-38. This matter was at the summary judgment stage, and following the trial court's grant of summary judgment, Cribbs alleged in his motion for reconsideration and in his Pa.R.A.P. 1925(b) statement that the trial court's grant of a utility easement was in error. Accordingly, we cannot conclude that Cribbs failed to raise, challenge, or preserve this issue. Thus, we shall address the issue on its merits.

We reiterate that summary judgment is proper only where the facts are so clear that reasonable minds could not differ. Village of Four Seasons Ass'n, Inc., 103 A.3d at 819. After review, we agree with Cribbs that the trial court erred in granting an easement for utilities. Based on the record before us, there is no evidence that an easement for utilities, implied or otherwise, was created. Accordingly, that portion of the trial court's order granting summary judgment and finding a utility easement is reversed, and Encore's claim for a utility easement shall proceed.

For the reasons set forth above, we affirm that part of the trial court's order granting summary judgment in favor of Encore and finding an easement by implication over the driveway for ingress and egress. We reverse that portion of the order granting summary judgment and finding an

easement for utilities.  We remand this matter to the trial court for trial on the limited issue concerning an easement for utilities.

Order affirmed in part and reversed in part.  Case remanded with instructions.  Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/18/2018