J-A07004-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| VASILIOS D. KIRITSIS AND JENNIFER L. KIRITSIS | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellants | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | No. 1339 MDA 2019 |
| YOCUM INSTITUTE FOR ARTS EDUCATION, INC. | : | |
| | : | |

Appeal from the Judgment Entered August 28, 2019
In the Court of Common Pleas of Berks County Civil Division at No(s):
18-13200

BEFORE:  OLSON, J., DUBOW, J., and McLAUGHLIN, J.

MEMORANDUM BY OLSON, J.:                    **FILED: APRIL 14, 2020**

Appellants, Vasilios D. Kiritsis and Jennifer L. Kiritsis, appeal from the judgment entered August 28, 2019, on behalf of Yocum Institute for Arts Education, Inc. ("Yocum Institute"). [1]  We affirm.

The trial court summarized the factual and procedural history as follows:

On July 3, 2018, [Appellants] filed a complaint and a motion for preliminary injunction against [Yocum Institute] seeking to establish an implied easement over [Yocum Institute's] real properties at 2940 Penn Avenue and 3000 Penn Avenue (["Yocum Institute's] Property["]).  [Appellants] seek ingress [from] and

_____

[1] The record demonstrates that Appellants appealed the order entered July 15, 2019, in which the trial court entered a verdict in favor of Yocum Institute after a non-jury trial and dismissed Appellants' complaint with prejudice.  In a *per curiam* order, this Court held that Appellants' appeal was interlocutory and directed Appellants to *praecipe* for entry of judgment.  Judgment was entered on August 28, 2019.  Therefore, Appellants notice of appeal was filed on August 28, 2019.  *See* Pa.R.A.P. 905(a)(5).

> egress [to] their real property at 3020 Penn Avenue (["Appellants'] Property["]), including [access to] certain parking spaces on [Appellants'] Property, from [Yocum Institute's] Property. In their motion for preliminary injunction, [Appellants] requested the removal of a curb that [Yocum Institute] had installed on [Yocum Institute's] Property, along the property line with [Appellants'] Property, which prevents [Appellants] and their tenants from crossing over [Yocum Institute's] Property to reach [Appellants'] Property.

Trial Court Opinion, 10/9/19, at 1-2.

After conducting a hearing, the trial court entered an order stating that Appellants' motion for a preliminary injunction would be denied if Yocum Institute, at its expense, submitted a plan by October 22, 2018, for reconfiguration of access to and from and parking at Appellants' property, and completed and paid for the repainting of parking lines on Appellants' property by December 1, 2018. Yocum Institute submitted a plan for reconfiguration of access and parking. Appellants rejected the reconfiguration plan and filed a motion for reconsideration, arguing that Yocum Institute's proposed reconfiguration plan eliminated Americans with Disability Act[2] required parking on Appellants' Property. Appellants further argued the reconfiguration plan proposed an unsafe plan for entering their property from Penn Avenue and exiting their property onto Penn Avenue. On December 14, 2018, the trial court denied Appellants' motion for reconsideration and ordered the case to proceed to a non-jury trial.

---

[2] 42 U.S.C.A. §§ 12101-12213.

After the conclusion of the April 2, 2019 non-jury trial, both parties submitted proposed findings of fact and conclusions of law. The parties also stipulated to the following findings of fact:

1.     [Appellants] purchased the real property situate[d] at 3020 Penn Avenue, Township of Spring, County of Berks, Commonwealth of Pennsylvania on November 16, 2007, from Anthony and Sandra L. Forino [(collectively, "Forino")].

2.     [Yocum Institute] purchased the real property situate[d] at 2940 [Penn Avenue] and also 3000 Penn Avenue, Township of Spring, County of Berks, Commonwealth of Pennsylvania on July 28, 2017, from the Township of Spring[].

3.     [Forino] had granted and conveyed 2940 Penn Avenue and 3000 Penn Avenue to the Township of Spring by virtue of a Deed of Dedication in Lieu of Condemnation, dated March [2]7, 2007.[3]

4.     [Appellants'] Property and [Yocum Institute's] Property are contiguous.

5.     [Yocum Institute] is a non-profit organization that, among other things, operates an art institute and preschool/kindergarten at the Yocum [Institute's] Property.

6.     [Appellants] lease commercial office space at [Appellants'] Property.

7.     [Appellants] owned and occupied [Appellants' Property] for nine years prior to [Yocum Institute] receiving conveyance of the deed from the Township of Spring.

_____

[3] Although Appellants and Yocum Institute stipulated that the deed conveying the Yocum Institute's property from Forino to the Township of Spring was dated March 17, 2007, a review of the record demonstrates that the deed was dated March 27, 2007. *See* Notes of Testimony, 4/2/19, at Plaintiff's Exhibit No. 4.

8. [Yocum Institute] developed [Yocum Institute's] Property consistent with plans approved by appropriate governmental bodies and agencies required by law, including the Township of Spring and Pennsylvania Department of Transportation.

9. [Appellants'] Property has an entrance that provides a means of ingress [from] and egress [to] Penn Avenue for [Appellants] and their commercial tenants.

10. [Yocum Institute's] Property has two separate means of access to Penn Avenue. One is a two-way access providing ingress [from] and egress [to] Penn Avenue on the eastern side of the Yocum Property and there is a one-way exit to Penn Avenue on the western most side of [Yocum Institute's] Property.

11. [Yocum Institute] located on [Yocum Institute's] Property has a one-way flow of traffic that travels along a portion of the eastern side of [Yocum Institute's] building, the entire rear of the building and along the entire western side of the building, which leads to the one-way exit from [Yocum Institute's] Property to Penn Avenue.

12. On the western side of [Yocum Institute's] building is a drop-off point for preschool and kindergarten children attending Yocum [Institute]. There are two lanes of traffic at the drop[-]off point. One lane is a by-pass lane for traffic exiting [Yocum Institute's] Property and the other lane is used to drop off children at Yocum [Institute].

13. [Yocum Institute] installed a cement curb along a portion of the property line between [Yocum Institute's] Property and [Appellants'] Property.

14. [Yocum Institute's reconfiguration] plans call for an easement over a portion of the western side of its property to [Appellants' Property] to assist with the ingress and egress of vehicles [entering and exiting Appellants'] Property. [Yocum Institute] offered this easement[,] as planned, but [Appellants] have rejected that it is acceptable.

15. [Appellants] and their tenants had used [Yocum Institute's] Property for access to and from Penn Avenue and to park in some of [Appellants'] parking spaces on [Appellants' Property] before the curb was installed.

16. There is no easement, recorded right-of-way, written agreement or other writing that provides [Appellants] access over [Yocum Institute's] Property to [Appellants'] Property.

17. [Appellants] did not obtain nor seek permission from the Township of Spring, during [the Township's] ownership of [Yocum Institute's] Property, to use [Yocum Institute's] Property for access to Penn Avenue and [Appellants'] Property.

Stipulated Findings of Fact, 5/31/19, at unnumbered pages 1-2.

On July 15, 2019, the trial court entered a verdict in favor of Yocum Institute and dismissed Appellants' complaint with prejudice. Appellants filed a motion for post-trial relief that the trial court subsequently denied. Appellants filed a *praecipe* for entry of judgment. Judgment was entered for Yocum Institute on August 28, 2019. This appeal followed.[4]

Appellants raise the following questions for our review:

[1.] Whether the trial court abused its discretion by failing to make factual findings on critical, unrefuted evidence?

[2.] Whether the trial court erred as a matter of law by failing to find the existence of an easement by implication?

[3.] Whether the trial court erred by applying the affirmative defense of laches despite the fact that [Yocum Institute] waived this affirmative defense?

---

[4] The trial court ordered Appellants to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) within 21 days. Appellants timely complied. The trial court subsequently filed its Rule 1925(a) opinion.

Appellants' Brief at 4 (extraneous capitalization omitted).

In matters of equity, our standard of review is as follows:

> Appellate review of equity matters is limited to a determination of whether the [trial court, as ultimate fact-finder,] committed an error of law or abused [its] discretion. The scope of review of a final decree in equity is limited and will not be disturbed unless it is unsupported by the evidence or demonstrably capricious.

*Phillippi v. Knotter*, 748 A.2d 757, 758 (Pa. Super. 2000) (citation omitted), *appeal denied*, 760 A.2d 855 (Pa. 2000).

We first address Appellants' claim that the trial court erred as a matter of law in failing to find the existence of an easement by implication, as we find this issue to be dispositive of the instant appeal. In determining whether an easement by implication exists, our Supreme Court in *Bucciarelli v. DeLisa*, 691 A.2d 446, 448 (Pa. 1997) held that an easement by implication exists where an easement was intended at severance and the person against whom the easement is asserted had notice, actual or constructive, that such an easement existed. *Bucciarelli*, 691 A.2d at 450. In explaining the traditional test to determine if an easement by implication exists at severance of title, our Supreme Court stated,

> It has long been held in this Commonwealth that although the language of a granting clause does not contain an express reservation of an easement in favor of the grantor, such an interest may be reserved by implication, and this is so notwithstanding that the easement is not essential for the beneficial use of the property.
>
> > "Where an owner of land subjects part of it to an open, visible, permanent and continuous servitude or easement in favor of another part and then aliens either, the purchaser

- 6 -

takes subject to the burden or the benefit as the case may be, and this [is] irrespective of whether or not the easement constituted a necessary right of way."

*Id.* at 448 (ellipsis and original brackets omitted), *quoting* **Burns Mfg. v. Boehm**, 356 A.2d 763, 767 (Pa. 1976), *citing* **Tosh v. Witts**, 113 A.2d 226, 228 (Pa. 1955).[5]  "An easement by implication could have arisen only at the time at which ownership of the two parcels in question first became separated."  **Phillippi**, 748 A.2d at 762 (citation omitted).  "'[P]ermanent' or 'continuous' simply means that the use involved shall not have been occasional, accidental or temporary [but, rather,] of such a character as to enable the claimant to rely reasonably upon the continuance of such use."  **Bucciarelli**, 691 A.2d at 449 (citation omitted).  The **Bucciarelli** Court stated that one of several factors to consider in determining whether an easement by implication exists was

_____

[5] We recognize that this Court in rendering its decision in **Daddona v. Thorpe**, 749 A.2d 475 (Pa. Super. 2000), which was published one day after the decision in **Phillippi, supra**, identified three elements required to create an easement by implication: "first, a separation of title; second, that, before the separation takes place, the use which gives rise to the easement, shall have been so long continued, and so obvious or manifest, as to show that it was meant to be permanent; and third, that the easement shall be necessary to the beneficial enjoyment of the land granted or retained."  **See Daddona**, 749 A.2d at 481.  This Court in **Phillippi, supra**, however, did not identify the third element as an essential element to establish an easement by implication pursuant to the test set forth by our Supreme Court in **Bucciarelli, supra**, although the third element may be considered.  **See Phillippi**, 748 A.2d at 762 (stating, "the extent to which an easement is necessary under the circumstances is a factor heavily weighed in determining whether an easement should be implied").  To the extent that a conflict exists between the decisions in **Daddona, supra**, and **Phillippi, supra**, we find the two-part test set forth by our Supreme Court in **Bucciarelli, supra**, controlling.

> [t]he effect of the prior use as a circumstance in implying, upon a severance of possession by conveyance, an easement [resulting] from an inference as to the intention of the parties. To draw such an inference[,] the prior use must have been known to the parties at the time of the conveyance, or, at least, have been within the possibility of their knowledge at that time. Each party to a conveyance is bound not merely to what he intended, but also to what he might reasonably have foreseen the other party to the conveyance expected. Parties to a conveyance may, therefore, be assumed to intend the continuance of uses known to them which are in considerable degree necessary to the continued usefulness of the land. Also they will be assumed to know and to contemplate the continuance of reasonably necessary uses which have so altered the premises as to make them apparent upon reasonably prudent investigation.

*Id.* at 448, *citing* RESTATEMENT (FIRST) OF PROPERTY § 476, Comment j (1944).

Although our Supreme Court never adopted Section 476 of the Restatement (First) of Property, the **Bucciarelli** Court stated that courts may find the factors for consideration identified in Section 476 "useful and persuasive in analyzing cases." **Bucciarelli**, 691 A.2d at 448 n.1. Section 476 of the Restatement (First) of Property lists the following factors "as important in determining whether an easement by implication exists:"

(a) whether the claimant is the conveyor or the conveyee,

(b) the terms of the conveyance,

(c) the consideration given for it,

(d) whether the claim is made against a simultaneous conveyance,

(e) the extent of necessity of the easement to the claimant,

(f) whether reciprocal benefits result to the conveyor and the conveyee,

(g) the manner on which the land was used prior to its conveyance, and

> (h) the extent to which the manner of prior use was or might have been known to the parties.

***Phillippi***, 748 A.2d at 762 (citation omitted); ***see also*** RESTATEMENT (FIRST) OF PROPERTY § 476 (1944).

Here, Appellants argue the trial court ignored "critical, unrefuted evidence" in its factual findings and, as a result, erred when it failed to find that Appellants established an easement by implication. Appellants' Brief at 10-18. Specifically, Appellants contend, *inter alia*, that Forino's site map, attached as an exhibit to the March 27, 2007 deed between Forino and the Township of Spring, showed parking spaces on Appellants' Property that could only be accessed and utilized by traversing Yocum Institute's Property. ***Id.*** at 10-11. Appellants argue that the site plan and the location of the parking spaces, accessible only by means of traversing Yocum Institute's Property, demonstrated the use of Yocum Institute's Property prior to the severance of title. ***Id.*** 12-18. Appellants aver that this use of Yocum Institute's Property to gain access to the parking spaces was continuous, both before and after the severance, and, thus, established an easement by implication. ***Id.***

Yocum Institute contends the Township of Spring, its predecessor in title, did not have actual or constructive notice of the easement by implication at the time of severance. Yocum Institute's Brief at 12. Yocum Institute argues the use of its property to access Appellants' Property at the time of severance was "casual and did not follow a definite, certain, well-defined route." ***Id.*** Yocum Institute avers, "[a]t severance of title, there was no

permanent nor obvious servitude existing upon [Yocum Institute's] Property

for the enjoyment of [Appellants'] Property." *Id.*

The trial court, in finding that Appellants failed to demonstrate an easement by implication, held there was "no evidence of an open, continuous and permanent use of an easement" across Yocum Institute's property at the time of the severance. Trial Court Opinion, 10/9/19, at 10-11. The trial court stated,

> [t]here was no specific path that vehicles used to transverse [Yocum Institute's Property.] It is immaterial that [Forino] allowed it because [he] owned both parcels. No one from [the] Township [of Spring] testified that the Township was aware of such use of [Yocum Institute's] Property by tenants of [Appellants'] Property. In fact, the testimony contradicts this knowledge because [the] Township [of Spring] approved [Yocum Institute's] land development plan.
>
> [The trial] court realized that [Appellants] sought an easement by implication and not one of necessity; however, Section 476(e) of the Restatement [(First)] of Property designates as one of the factors in determining the existence of an easement by implication, the extent of necessity of the easement to the claimant. [The trial] court made a finding of fact, [which] has not been disputed, that [Appellants] have an entrance and exit on their [p]roperty that provides ingress [from] and egress [to] Penn Avenue for themselves and their commercial tenants.
>
> Thus, in the instant case, [Appellants] failed to demonstrate the existence of an easement by implication under the traditional test that requires claimants to prove that at the time of the original severance, there was an open, visible, and continuous and permanent use of an alleged easement. [Appellants''] and [Yocum Institute's] Properties were never severed and remained separate parcels of land that were bought and sold separately. When []Forino owned both properties, he could do as he pleased with the two properties. There was never an identified easement. Drivers of vehicles simply drove over [Yocum Institute's] Property anywhere they pleased. After [Appellants' Property and Yocum

Institute's Property] were sold separately, [the] Township [of Spring] had no notice that people were trespassing through its property.

*Id.* at 11.

An easement by implication in the instant case could only have arisen at severance of Forino's ownership of the two properties. Therefore, our primary focus is on the transfer of Yocum Institute's Property from Forino to the Township of Spring on March 27, 2007. ***See Phillippi***, 748 A.2d at 762.

Appellants argue that the site map that was attached as an exhibit to the March 27, 2007 deed transferring the Yocum Institute's Property from Forino to the Township of Spring, a portion of which is reproduced below, demonstrates that an easement of implication existed at the time of severance. Appellants' Brief at 11, 15-18.; ***see also*** N.T., 4/2/19, at Plaintiff's Exhibit No. 4 (Page 12 of 18).



The record demonstrates that at the preliminary injunction hearing, Forino testified that his tenants at Appellants' Property would occasionally access the parking on Appellants' Property by crossing Yocum Institute's Property.[6] N.T., 7/17/18, at 21. Forino did not believe that there were any painted lines or a specific line of travel across Yocum Institute's Property but, rather, it was like a shopping center parking lot where drivers could cross the parking lot using any path to get to the parking spots. *Id.* Forino stated that he believed the parking spaces depicted in the site map, reproduced herein, were consistent with the parking spaces that existed when he owned both properties. *Id.* at 14. However, he was uncertain who painted the parking space lines or when they were painted. *Id.* at 15. Appellants did not offer the testimony of anyone from the Township of Spring at either the preliminary injunction hearing or the non-jury trial who could testify about what the Township of Spring knew or did not know about the use of the Yocum Institute's Property as a means of access to the parking on Appellants' Property. *See* N.T., 7/17/18; *see also* N.T., 4/2/19. Appellants and Yocum Institute stipulated that Appellants' Property has its own point of ingress from and egress to Penn Avenue. Stipulated Findings of Fact, 5/31/19, at unnumbered page 2 ¶9.

_____

[6] This use of Yocum Institute's Property by Forino's tenants at the time Forino owned both properties was presumptively permissive. *See Possessky v. Diem*, 655 A.2d 1004, 1009 (Pa. Super. 1995).

- 12 -

Based upon the record before us, the record supports the trial court's finding that the Township of Spring was unaware of the informal use of Yocum Institute's Property by Forino's tenants to access parking on Appellants' Property at the time of severance. Appellants failed to demonstrate that the Township of Spring had actual or constructive notice of the permitted use, *sub judice*, by Forino, as owner of both properties, at the time of severance. Appellants presented no evidence of an open, visible, continuous, and permanent use of Yocum Institute's Property in order to give rise to actual notice by the Township of Spring at the time of severance. Furthermore, absent evidence of factors that would have led the Township of Spring to know of the use or expected continuation of use after severance, such as a specific path cars took across Yocum Institute's Property, there was no evidence that would give rise to the Township of Spring's constructive notice of the use at the time of severance.

Appellants are asking this Court to find that the site map, without any supporting testimony, demonstrated that the Township of Spring, upon looking at the parking spaces depicted thereon, would have had constructive notice of the permitted use by the prior owner and the intent that this use was to continue after severance. Even if this inference could be drawn from simply looking at the site map and amounted to constructive notice, there is no evidence of a defined path of use across Yocum Institute's Property that was intended to be an easement by implication at the time of severance. Appellants are asking for an easement by implication over all of Yocum

Institute's Property, a request for which there is no record evidence to support. The site map, alone, fails to demonstrate that the Township of Spring knew or might reasonably have known about the use of Yocum Institute's Property for access to Appellants' Property at the time of severance since Appellants' Property had its own means of ingress from and egress to Penn Avenue.[7]

Order affirmed.[8]

---

[7] In a letter to the Township of Spring Planning Commission Members dated September 5, 2017, the Director of Engineering and Planning, James I. Moll, after a review of the Yocum Institute's Preliminary/Final Land Development Plans, offered for consideration by the Planning Commission that

> The parking spaces for [Appellants' Property] to the west of [Yocum Institute's Property] are oriented in such a way that requires vehicles to cross the subject property to access them. [Yocum Institute's] plans for the access drive and "pick-up" area for the pre-school will prohibit such access. [The Township of Spring Engineering and Planning] recommend[s] that this issue be discussed with [Appellants].

N.T., 4/2/19, at Defendant's Exhibit No. 5. This letter, while acknowledging the orientation of Appellants' parking spaces as they existed in September 2017 and the potential issues Yocum Institute's development plans posed to accessibility of those parking spaces, does not demonstrate constructive notice by the Township of Spring at the time of severance in March 2007. Appellant offered no testimony from someone connected with the Township of Spring that would have knowledge of what the Township knew or should have known about the use of the Yocum Institute's Property at the time of severance in March 2007.

[8] In light of our finding of record support for judgment in favor of Yocum Institute, we need not address Appellants' remaining issues.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 04/14/2020